NIAGARA SEARCHLIGHT COMPANY, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39832. Promulgated June 30, 1953.

*A. W. Dickinson, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $32,258.74 in the income tax of the petitioner for 1948. The only question for decision is whether the petitioner is entitled to carry back

to 1948 a net operating loss sustained in the taxable period January 1, 1950, through June 30, 1950. The facts have been stipulated.

The petitioner, a New York corporation, filed its return for 1948 with the collector of internal revenue for the twenty-eighth district of New York.

The petitioner had a net operating loss of $132,652.82 for its taxable period January 1 through June 30, 1950, as a result of which the Commissioner tentatively allowed the application of the petitioner to carry back the loss to 1948 and actually made the refund of $32,258.74 on or about October 3, 1950. That was in accordance with section 122 (b) (1) of the Internal Revenue Code in effect prior to September 23, 1950, which allowed a net operating loss to be carried back 2 years. That provision of the Code was amended by section 215 (a) of the Revenue Act of 1950, approved September 23, 1950, which expressly applied "in computing the net operating loss deduction for taxable years beginning after December 31, 1947" and allowed a net operating loss deduction for a year beginning after December 31, 1949, to be carried back only 1 year. The Commissioner, realizing that the 1950 net operating loss deduction could not be carried back to 1948 under the amendment, determined the deficiency to recover the refund. The petitioner argues that the amendment cannot be retroactively applied to this case. Actually, it is being applied to a loss of the same year in which the amendment was enacted but it is not unconstitutional for Congress to make income tax laws apply retroactively to recent past years. *Brushaber* v. *Union Pacific R. Co.*, 240 U. S. 1; *Lynch* v. *Hornby*, 247 U. S. 339; *Welch* v. *Henry*, 305 U. S. 134, rehearing denied 305 U. S. 675. The gift tax case of *Untermeyer* v. *Anderson*, 276 U. S. 440, upon which the petitioner relies, is not in point. *Welch* v. *Henry*, *supra*. Here the law, as amended, clearly applies and the Commissioner followed it.

*Decision will be entered for the respondent.*