J. E. Crabtree and Mary K. Crabtree v. Commissioner.
Crabtree v. Commissioner
Docket No. 57868.
United States Tax Court
T.C. Memo 1955-275; 1955 Tax Ct. Memo LEXIS 62; 14 T.C.M. (CCH) 1080; T.C.M. (RIA) 55275; October 13, 1955
Thomas E. Tyre, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $4,913.26 in the income tax of the petitioners for 1951. The Commissioner, in determining the deficiency, added $26,088.89 to income reported on the return and eliminated a reported capital gain on the sale of cattle in the amount of $13,313.91. He explained that the $26,088.89 represented ordinary income realized from the sale of cattle held for less than one year and the elimination of the capital gain reported resulted from the treatment of cattle sales as ordinary income. Those adjustments are the only ones contested in the petition and amended petition filed by the taxpayers in this proceeding. The Commissioner moved to dismiss the proceeding for failure to state a cause *63 of action and asked for judgment on the pleadings. He admitted, for the purpose of the motion, all of the facts alleged in the petitioners' pleadings. His motion was set down for hearing on September 21, 1955, and a notice of that hearing, together with a copy of the motion and the Commissioner's memorandum in support of the motion, was mailed to the taxpayers on August 23, 1955. The taxpayers did not respond in any way to the motion either by appearing at the time set for the hearing or by filing any writing in opposition thereto. Findings of Fact The petitioners filed a joint income tax return for the calendar year 1951 with the collector of internal revenue for the second district of Texas. The petitioners sold 301 cows at various times in 1951 prior to June of that year, and thereby realized a gain of $26,088.89. All of the cattle sold had been held for less than 12 months but more than 6 months. The cattle represented breeding stock which was sold due to drought conditions. The gain on the sale represented ordinary income and not long-term capital gain. Opinion MURDOCK, Judge: Section 324 of the Revenue Act of 1951, entitled "Sales of Livestock", amended section 117(j)(1) *64 by adding at the end thereof, inter alia, "Such term also includes livestock, regardless of age, held by the taxpayer for draft, breeding, or dairy purposes, and held by him for 12 months or more from the date of acquisition," and provided that the quoted sentence "shall be applicable with respect to taxable years beginning after December 31, 1941, except that the extension of the holding period from 6 to 12 months shall be applicable only with respect to taxable years beginning after December 31, 1950." The taxable year here in question began after December 31, 1950. Therefore the holding period applicable is 12 months rather than 6 months. None of the cows here in question were held as long as 12 months. Therefore they did not represent capital assets within the definition of section 117(j)(1) as amended by section 324 of the Revenue Act of 1951. The petitioners state in their pleadings that this provision of the Revenue Act of 1951 should not apply to them because their sales were made prior to the adoption of the Revenue Act of 1951 in October 1951. It is clear, however, from the statute that it is to apply to all sales made in a taxable year beginning after December 31, 1950. The *65 Commissioner has so interpreted the law in his Regs. 111, section 29.111-7(a) IV. And see Niagara Searchlight Company, Inc., 20 T.C. 745. Decision will be entered for the respondent.