SOUTHEAST EQUIPMENT CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71130. Filed January 22, 1960.

*R. T. Boehm, Esq.,* for the petitioner.
*William O. Allen, Esq.,* for the respondent.

TIETJENS, *Judge:* The Commissioner determined a deficiency in income tax for the year 1954 in the amount of $6,243.32.

This determination was based on adjustments for unallowable claimed deductions totaling $12,006.38 for officers' expenses, rent, and depreciation. In the petition filed herein these adjustments were attacked as erroneous and petitioner alleged further error in including in gross income for 1954 certain items of inventory and accounts receivable incident to a change in 1954 from a cash method of accounting to an accrual method. The expense, rent, and depreciation issues have been settled by stipulation and the only issue for decision is the proper treatment of the inventory and accounts items in connection with the change in accounting methods.

### FINDINGS OF FACT.

The stipulated facts are included herein.

Petitioner is a corporation organized under the laws of Ohio. It is engaged in the business of sewer and excavation contracting with its principal office in Columbus, Ohio.

Petitioner timely filed its income tax returns for the years 1954, 1955, and 1956 with the district director of internal revenue at Columbus, Ohio.

All income tax returns of the petitioner from the date of its organization through December 31, 1953, were prepared on a cash basis of accounting.

The income tax return of petitioner for the year 1953 was examined by respondent and accepted without change with respect to the taxpayer's method of accounting.

As of January 1, 1954, the petitioner had accrued accounts receivable in the amount of $12,558.61, which amount had not been included in taxable income for any prior taxable years.

As of January 1, 1954, the petitioner had on hand an inventory of construction supplies in the amount of $3,600, which inventory had not been taken into account in computing petitioner's taxable income for years prior to 1954.

During the year 1954 petitioner included in its taxable income the amount of $12,558.61, representing accounts receivable at the beginning of the year which were collected in cash during the year.

Effective at the beginning of 1954, petitioner changed its method of accounting from the cash to an accrual basis. In computing its taxable income for 1954 petitioner included in taxable income an amount equal to its accounts receivable and inventory as of December 31, 1954, and it deducted from taxable income an amount equal to its accounts payable as of the same date.

In its return for the year 1954 petitioner made no adjustments to exclude from taxable income for the year 1954 the accounts receivable and inventories as of January 1, 1954.

Petitioner did not submit to respondent a request for permission to change its method of accounting for the year 1954 and respondent did not grant such permission.

In its petition filed herein on December 12, 1957, petitioner asserted a claim that an amount equal to its opening inventory and receivables for the year 1954 should be excluded from its 1954 taxable income.

For the taxable years 1955 and 1956 petitioner continued to report its taxable income on an accrual method of accounting.

The increase in petitioner's taxable income for the year 1954, resulting from the change in accounting method, exceeded $3,000. The increase resulted solely by reason of adjustments necessary to prevent amounts from being duplicated or omitted.

## OPINION.

Much of the argument on brief is preoccupied with whether a taxpayer who used inventories in its business and whose books were kept on a cash basis, could be or was required, under the Internal Revenue Code of 1939, to change to an accrual method of accounting and, if so, what adjustments were necessary in order to prevent duplication of deductions and the escape of income from taxation.

In connection with this argument the parties cite numerous cases, which we have considered, but which, except for historical background, are not helpful. The year before us is governed by section 481 of the 1954 Code and we think the question is primarily one of

statutory construction. As originally enacted, section 481[1] provided that where taxable income for any year is computed under a method of accounting different from the method under which income was computed for the preceding year, there shall be taken into account those adjustments determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted. However, the section excepted from being taken into account any adjustment in respect of any taxable year to which section 481 did not apply, i.e., pre-1954 tax years.

If section 481 had remained unchanged, petitioner might have a valid argument that the adjustments which it now seeks to make are proper since they would eliminate from 1954, items affecting income which pertained to 1953. But we need not decide that question. The Technical Amendments Act of 1958 retroactively amended section 481(a)(2)[2] so that it is now clear "that pre-1954 Code year adjustments should be made where taxpayers of their own accord changed their method of accounting." S. Rept. No. 1983, 85th Cong., 2d Sess. (1958), p. 45.

Petitioner, however, argues, first, that section 481 as amended does not apply to its case and second, if it does, its retroactive effect makes it unconstitutional.

We think section 481 is here applicable. Prior to 1954 petitioner computed its income on a cash basis. Effective at the beginning of 1954 it changed its accounting to an accrual method and thereafter computed and reported its income accordingly. This change was initiated by petitioner and was not required by the Commissioner. It is stipulated by the parties that the increased income resulting from the change in accounting method "resulted solely by reason of the adjustments necessary solely to prevent amounts from being duplicated or omitted."

The factual situation, as we see it, brings the case squarely within the statute. In effect, petitioner now seeks to unmake adjustments

---

[1] SEC. 481. ADJUSTMENTS REQUIRED BY CHANGES IN METHOD OF ACCOUNTING.

(a) GENERAL RULE.—In computing the taxpayer's taxable income for any taxable year (referred to in this section as the "year of the change")—

(1) if such computation is under a method of accounting different from the method under which the taxpayer's taxable income for the preceding taxable year was computed, then

(2) there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted, except there shall not be taken into account any adjustment in respect of any taxable year to which this section does not apply.

[2] The amended subsection now reads:

(2) there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted, except there shall not be taken into account any adjustment in respect of any taxable year to which this section does not apply *unless the adjustment is attributable to a change in the method of accounting initiated by the taxpayer.* [Emphasis supplied.]

which it initiated and made itself in its 1954 return, adjustments which were not determined to be erroneous by the Commissioner and which it is agreed are necessary to prevent duplications or omissions in income. We perceive no basis on which the Court can now allow petitioner to make the changes sought.

Neither do we find any merit in the constitutional argument. True, the Technical Amendments Act of 1958 was made applicable on the question before us to taxable years beginning after December 31, 1953, and to that extent is retroactive. But there is nothing unconstitutional *per se* in retroactive tax legislation, *Niagara Searchlight Co.*, 20 T.C. 745, and the presumption of validity is particularly strong in the case of a revenue measure, *Penn Mutual Indemnity Co.*, 32 T.C. 653, on appeal (C.A. 3). And see the very recent case of *Sidney* v. *Commissioner*, 273 F. 2d 928 (1960), affirming 30 T.C. 1155. The fact that changes in accounting methods sometimes result in the bunching of income in the year of change is neither unique nor unusual. In making the amendments to section 481 in section 29 of the Technical Amendments Act of 1958, Congress recognized that some harshness might result because of the retroactive effect of the legislation, and was careful to provide mitigating and ameliorating rules. These were explained, S. Rept. No. 1983, 85th Cong., 2d Sess. (1958), pp. 48, 49, as follows:

Testimony before your committee has suggested that the primary concern with the proposed revision of section 481 has been with its application to those cases where taxpayers have already changed their method of accounting in some year from 1954 up to 1958. In some cases taxpayers have made these changes without obtaining the consent of the Treasury Department. Moreover, they have made these changes on the assumption that no adjustment need be made to the extent it is attributable to periods prior to 1954. Since this provision makes a change in this respect and does require an adjustment with respect to the period prior to 1954 in the case of changes in methods of accounting made in 1954 and subsequent years, your committee believes that taxpayers who made changes on the assumption that no such adjustment would have to be made should now have an opportunity to review this decision in light of the changed requirements provided by this bill. Therefore, your committee has added a provision to the House bill providing that taxpayers who, of their own choice, changed from one method to another method of accounting in computing their income for any taxable year to which the 1954 Code is applicable, if such year ended before the date of enactment of this provision, are to have an election to recompute their taxable income for this year (or these years) under their prior method of accounting. For purposes of this provision permitting taxpayers to revert to their former method of accounting, the statute of limitations is opened, or is kept open, by your committee's amendments for 1 year after the election is made. The election may be made at any time within 6 months after the date of enactment of this bill. The statute is opened, or is kept open, for this purpose both to permit assessment of any deficiency and to permit a refund or credit of any overpayment.

A second transitional rule provided by your committee's amendments would permit taxpayers who made changes in their method of accounting in 1957 or

in a prior year to which the 1954 Code is applicable, to begin the 10-year spreadforward provided by both the House and your committee's version of the bill, to begin in 1958 and extend forward for the 9 succeeding taxable years. This will be available not only to those who may have changed their method of accounting without the consent of the Treasury Department during this period, but also to those who have a request to change methods of accounting in one of these prior years now pending before the Treasury Department, and such request is allowed. This amendment will provide relief in that, although it requires the adjustment to be made with respect to changes made or to be made in these prior years, it permits the tax consequences to be spread over the current and future years. Thus, these taxpayers will be given more time to adjust their financial affairs to take account of any additional tax liability involved in making the adjustment with respect to the pre-1954 Code years.

There is nothing harsh, arbitrary, or unfair in this legislation, and we hold section 481 as amended to be constitutional and applicable to this case. Accordingly, petitioner cannot make the adjustments which it alleges in its petition should be made.

Though we do not think it affects the result reached here, we do point out that the parties have stipulated that on May 19, 1959, after this case was heard,

the petitioner filed an election under section 481(b)(4)(B) of the Internal Revenue Code of 1954 and Regulations Sec. 1.481–4(b)(4) with the District Director of Internal Revenue, Columbus, Ohio whereby petitioner elected to take the adjustments incident to its change of accounting method into account over a ten year period beginning with its first taxable year commencing after December 31, 1957.

*Decision will be entered under Rule 50.*