George D. Prather and Mable E. Prather v. Commissioner.
Prather v. Commissioner
Docket No. 73928.
United States Tax Court
T.C. Memo 1961-99; 1961 Tax Ct. Memo LEXIS 254; 20 T.C.M. (CCH) 456; T.C.M. (RIA) 61099; March 31, 1961
Curtis Darling, *255 Esq., 313 Sill Bldg., Bakersfield, Calif., for the petitioners. Thomas F. Greaves, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $163,401.10 in the income tax of the petitioners for 1954. The Commissioner in determining the deficiency added $225,205.08 to the income as disclosed by the return and explained: (a) In your return for the taxable year 1954 you reported your income and deductions on the accrual basis, which was a change from the cash basis of reporting used in the years 1942 to and including 1953. It has been determined that the following adjustments are necessary in this taxable year in order to include all items of income and to avoid duplication of deductions: Accounts receivable
$207,588.26
Notes receivable
26,261.43
Inventory
90,397.94
Total
$324,247.63
Accounts payable
$ 73,760.82
Accrued expenses
1,814.44
Accrued salary
25,416.64
100,991.90
Adjustment
$223,255.73
Depreciation claimed in excess of the amount allowable under section 167 of the Internal Revenue Code of 1954, $1,733.35, is disallowed. Country Club dues *256 of $216.00 claimed in your return is disallowed as representing personal expenses which are not deductible under section 262 of the Internal Revenue Code of 1954. The only error assigned in the petition is that "The Commissioner has erroneously set forth an adjustment to reflect a change in accounting method, thereby increasing taxable income by $223,255.73." The petition contains no reference to the Constitution of the United States. It was never amended. The facts are stipulated and are found as stipulated. The parties have stipulated that the petitioners as of January 1, 1954, had on hand the accrued accounts and inventory as set forth in the notice of deficiency which had not been included in taxable income or taken into account in computing the taxable income of the petitioners for any year prior to 1954 except that the notice was in error in including $20,850 in inventory, so that the amount now in dispute is $202,405.73, all of which resulted from the petitioners' voluntary change in their accounting method from the cash basis to an accrual method of accounting. The petitioners, husband and wife, filed a joint income tax return for 1954 with the *257 district director of internal revenue at Los Angeles, California. The petitioners filed their income tax returns on a cash basis of accounting for the years prior to 1954, but effective on January 1, 1954, they changed their method of accounting from the cash basis to an accrual basis and filed their 1954 return on an accrual basis. They did not request permission of the Commissioner to change their method of accounting for the year 1954. There is nothing to indicate that the method used for 1953 was improper in any way. The petitioners' returns for 1953 and 1954 report farm income and income of George doing business as Shafter Pump & Machine Shop, which is further described as retail pumps - servicing and repairing - irrigation equipment. The record gives no further description of the business of the petitioners. This case was set and called for trial at Los Angeles, California, on April 18, 1960, at which time counsel for the petitioners moved for a continuance because "this morning Congressman Hagen has submitted a bill in Congress which affects very mightily the position of the petitioner." The Court denied the motion. The case was again called for trial on April 21, at which *258 time counsel for the petitioners made the following statement: "If it please the Court, we believed that [at] the time this case was called that we would have substantial evidence to present. Instead, we have dropped the course that we were taking, and, for reasons I have outlined, and we have stipulated with the Government." A stipulation of facts was filed and the parties orally stipulated that the petitioners incorporated their business known as Shafter Pump & Machine in the year 1955 and transferred their assets to that corporation. They also stipulated orally that the petitioners "ceased doing business within the meaning of Section 481(b)(4)(C)(i)." The petitioners in this case are not attacking the correctness of any amount used by the Commissioner in determining the deficiency nor do they contend that any adjustment made by the Commissioner in determining the deficiency is contrary to the provisions of the Internal Revenue Code of 1954, as amended. There is thus no reason to disturb the Commissioner's determination on the basis of the pleadings and proof in this case. The following is from the petitioners' brief: Statement of the points upon which petitioners rely: *259 Petitioners changed their method of accounting in direct reliance on section 481 of the Internal Revenue Code as it was passed in 1954. 1958 amendments affecting section 481 of the Internal Revenue Code cannot, constitutionally, affect petitioners 1954 liability on action completed by petitioners in 1954 in complete reliance on the statute. And, even assuming that the statute as amended applies to petitioners, a stated maximum limitation of a three year spreadback of the tax is applicable under section 481(b)(1). The pleadings of the petitioners in this case contain no reference whatsoever to the 1958 amendment affecting section 481, to any provision of the Constitution, to any constitutional question, to section 481(b)(1) or any limitations thereunder. This Court has consistently refused to consider any contention of the parties which is not properly raised in the pleadings, Louis Halle, 7 T.C. 245, affd. 175 F. 2d 500, certiorari denied 338 U.S. 949; Roy E. Ford, 31 T.C. 119, and this is particularly true of any constitutional question. A charge that any law of the United States *260 is contrary to the Constitution is quite a serious matter and does not deserve consideration by a Court if the issue is not formally raised in the pleadings. It is not a casual matter to be argued before the Court without reference to the issue in the pleadings. Muriel Dodge Neeman, 13 T.C. 397, affd. per curiam 200 F. 2d 560, certiorari denied 345 U.S. 956; Calvert Iron Works, Inc., 26 T.C. 770; Antoinette M. Faraco, 29 T.C. 674, affd. 261 F. 2d 387, certiorari denied 359 U.S. 925; Frederick N. Dillon, 20 B.T.A. 690; Coca-Cola Bottling Co., 22 B.T.A. 686. The only points upon which the petitioners rely are therefore not before the Court for decision. The briefs of both parties are devoted to the questions mentioned in the "STATEMENT OF THE POINTS UPON WHICH PETITIONERS RELY" and before terminating this opinion it might be appropriate to make a few observations. This Court in Southeast Equipment Corporation, 33 T.C. 702, expressly held that the Technical Amendments Act of 1958 amending section 481 of the 1954 Code is constitutional as applied to a situation *261 not distinguishable from the one here. The petitioners in their statement of points say that they made the change in accounting methods "in direct reliance on section 481 of the Internal Revenue Code as it was passed in 1954." There is no proof in this record of any such fact, and furthermore, it is difficult to see how it could be a fact because the stipulation would indicate that the petitioners made their change at the beginning of 1954 whereas the Internal Revenue Code of 1954 was not approved until 9:45 A.M.E.D.T. August 16, 1954. The Technical Amendments Act provided several methods of relief for taxpayers who had changed their method of accounting, but there is no evidence to show whether or not these petitioners ever elected or endeavored to gain relief under any of those provisions. The petitioners say that they changed from a cash basis to an accrual basis because they read that a cash basis taxpayer with a large inventory and large accounts receivable could avoid income tax to the extent of those amounts (in their case over $200,000) by changing for 1954 to an accrual method of accounting and reporting. In other words, they made the change to avoid *262 tax on income which would otherwise not escape tax and they did it without seeking permission of the Commissioner to make the change, as required in section 446(e). Now frustrated in this hope, they say that the law which frustrates them is unfair, inequitable and therefore unconstitutional. That is a weak argument on which to ask a Court to hold that a law enacted by Congress is unconstitutional. There is no reason to believe that the Court would be persuaded by any argument of the petitioners in this case if the issues argued by the petitioners were properly before the Court. Decision will be entered under Rule 50.