Paul C. Ulrich and Ermel Ulrich v. Commissioner.
Ulrich v. Commissioner
Docket No. 78855.
United States Tax Court
T.C. Memo 1962-34; 1962 Tax Ct. Memo LEXIS 272; 21 T.C.M. (CCH) 165; T.C.M. (RIA) 62034; February 23, 1962
Marshall E. Hanley, Esq., 108 E. Washington St., Muncie, Ind., for the petitioners. Robert E. Johnson, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined a deficiency in income tax of $14,481.13 and an addition to tax of $2,001.60, for substantial underestimate of estimated tax, against the petitioners for the taxable year 1954. The question is whether $22,469.30 of accounts receivable accrued as of January 1, 1954, was properly omitted by petitioners from 1954 income by reason of their change in 1954 from the *273 cash receipts and disbursements method of keeping their accounts and reporting income to an accrual method of accounting and reporting income. Findings of Fact Some of the facts and some evidence have been stipulated and the facts stipulated are found as stipulated. The petitioners are husband and wife and reside in Muncie, Indiana. They filed joint income tax returns for the calendar years 1951 through 1954, inclusive, with the district director of internal revenue for Indiana. Beginning in 1944 and up to October 1956, Paul C. Ulrich, referred to herein as petitioner, operated a sole proprietorship under the name of Muncie Metal Spinning Company. His business was that of stamping and pressing parts from metal sheets. His customers were manufacturers of exhaust fans, clothes dryers and other comparable items. From 1944 through 1953, petitioner kept his accounts and reported his income on the basis of cash receipts and disbursements. In keeping his accounts, single entry books were maintained for each of the years mentioned. The receipts shown by the books were limited to payments actually received during the particular year, and did not include items accrued but on which *274 payment had not been received. Similarly, the expenses entered in the books were limited to actual disbursements. With respect to purchases of materials, he entered the dates of purchases and described the materials as steel, aluminum, and the like. As for the dollar amount of purchases, he entered only the amounts of the payments made during the particular year and the total of the amounts so entered represented the amount reported in his return as merchandise bought for manufacture or sale. On his income tax returns for 1951, 1952 and 1953, petitioner purported to use inventories in arriving at the cost of goods sold, but in so doing, only those purchases which had been paid for were taken into account. [1]
On or about January 1, 1954, petitioner employed a "public" bookkeeper to maintain his books. This bookkeeper, as of January 1, 1954, set up for petitioner a double entry system of books, which included an accounts receivable ledger. The entries in the books were made on an accrual basis. As of January 1, 1954, petitioner's receivables covering *275 sales made prior thereto but for which payment had not been received, amounted to $22,469.30. This amount was shown on the new books as the amount of accounts receivable at January 1, 1954. These receivables were paid in full during 1954. Early in 1955, petitioner employed a certified public accountant. Noting that petitioner's business was in a stage of expansion and that his sales on account were rapidly increasing, she was of the view that the income from his business would not properly be reflected unless his sales on account be taken into income in the year of sale. Petitioner acceded to these views and his 1954 return was made on an accrual basis, which was in keeping with the books of account which as of January 1, 1954, had been set up by the "public" bookkeeper. Respondent had made no adjustments of petitioner's returns for 1951, 1952, or 1953 as they were filed, and with respect to 1954, petitioner did not request or obtain permission to change his method of accounting and reporting income from that of cash receipts and disbursements to an accrual basis. In the 1954 return, prepared by the accountant and filed by petitioner, the $22,469.30 in accrued accounts receivable *276 as of January 1, 1954, was not included in income. The accounts receivable were not reported by petitioner in any prior year and have not been reported by him in any of his returns. For the taxable year 1954, petitioner filed a timely declaration of estimated tax showing his estimated income tax liability as $5,000. He made timely payment of the amount estimated in four payments of $1,250 each. The joint return filed by petitioners for 1954 was filed on April 13, 1955, and the balance shown as due thereon of $18,986.95 was paid when the return was filed. Petitioner had not by January 15, 1955, paid as income tax for 1954 an amount equal to 80 percent of his total liability for that year. In his determination of deficiency the respondent increased petitioner's gross income by $22,469.30, being the amount of unreported accounts receivable as of January 1, 1954. This increase in gross income was due solely to an adjustment, which was necessary to prevent the income in question from escaping tax. Opinion The facts show that for all years prior to the taxable year 1954, petitioner maintained his books of account and reported his income for income tax purposes on the basis of cash *277 receipts and disbursements. In 1954, without applying for or obtaining permission from the respondent, his method of accounting and reporting income was changed from cash receipts and disbursements to an accrual method. Following what his accountant understood to be a proper interpretation of the provisions of section 481(a) of the Internal Revenue Code of 1954, [2] petitioner did not report in the year of change $22,469.30 of accounts receivable accrued as of the end of 1953, and which by reason of the prior reporting of income on the basis of cash receipts and disbursements had never been reported as taxable income. This amount in accounts receivable was not reported in the year of the change, even though petitioner and his accountant understood that the effect of such omission would be that the amount would escape tax entirely. The facts further show that petitioner received payment of the said accounts receivable in full in 1954, the taxable year herein. *278 By section 481, it is provided that where a taxpayer reports income under a method of accounting different from the method under which his income was reported for the preceding taxable year, there is to be taken into account in the year of change those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted from tax, except that an adjustment in respect of any taxable year to which section 481 does not apply is not to be taken into account. As already noted, the facts show that under the course followed and contended for by petitioner, the income here in question will be omitted, in that it will escape tax entirely if the adjustment made by the respondent in respect of 1954 is not allowed. Furthermore, the taking of the unreported receivables into account in 1954 is not, in our opinion, an adjustment in respect of any taxable year to which 481(a) does not apply, namely, 1953 and prior years. But be that as it may, Congress, in 1958, retroactively amended section 481(a) to add words to the effect that an adjustment is not to be taken into account in respect of any taxable year to which the section *279 does not apply, "unless the adjustment is attributable to a change in the method of accounting initiated by the taxpayer." The taxpayer does not dispute and on the facts herein he may not properly dispute as a fact that he did change his method of accounting in 1954 and that the change was initiated solely by him. Rather, he takes the position that the provisions of section 481(a), as amended, do not apply, in that his accounts had been improperly kept and his income improperly reported on the basis of cash receipts and disbursements in 1953 and prior years. In material respects, this case is similar to Southeast Equipment Corporation, 33 T.C. 702, affd. 289 F. 2d 493, and what was said there is equally applicable here. We accordingly conclude and hold that the contention of the petitioner is without merit under section 481(a), as amended. See and compare Stanford R. Brookshire, 31 T.C. 1157, affd. 273 F. 2d 638. Petitioners do not now contest respondent's determination of the addition to tax for substantial underestimate of estimated tax. Decision will be entered for the respondent. Footnotes
1. Presumably this practice began with the year 1951, since no amount was shown for an opening inventory on the 1951 return.↩
2. SEC. 481. ADJUSTMENTS REQUIRED BY CHANGES IN METHOD OF ACCOUNTING. (a) General Rule. - In computing the taxpayer's taxable income for any taxable year (referred to in this section as the "year of the change") - (1) if such computation is under a method of accounting different from the method under which the taxpayer's taxable income for the preceding taxable year was computed, then (2) there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted, except there shall not be taken into account any adjustment in respect of any taxable year to which this section does not apply unless the adjustment is attributable to a change in the method of accounting initiated by the taxpayer. [Subsection 2 just quoted reads as retroactively amended by section 29 of the Technical Amendments Act of 1958.]↩