674

ANTOINETTE M. FARACO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65034.  Filed January 23, 1958.

*David R. Shelton, Esq.*, for the petitioner.
*George H. Becker, Esq.*, for the respondent.

### OPINION.

MULRONEY, *Judge:* The respondent determined a deficiency in the income tax of petitioner for the year 1954 in the amount of $364.20. Petitioner either does not contest or concedes the correctness of the adjustments upon which the deficiency is based and the only question for determination is whether the basis for depreciation of certain real estate should be the cost of such property at the time it was acquired by the petitioner and her late husband, Joseph L. Arnold, as tenants by the entirety with the common law right of survivorship, or whether the basis of such property should be its fair market value at the time of the death of the said Joseph L. Arnold. A second question, whether section 2 of the Internal Revenue Code of 1954 is unconstitutional, is argued by the parties but it is not presented by the pleadings.

All of the facts were stipulated and are found accordingly.

Petitioner and Joseph L. Arnold were married in 1933 and remained husband and wife until Joseph L. Arnold died December 26, 1953. Petitioner did not remarry until February 1955. Petitioner's Federal income tax return was filed for the calendar year 1954 with the district director of internal revenue at Richmond, Virginia. There was a clause in the will of Joseph L. Arnold which gave, devised, and bequeathed all of his estate, both real and personal, to petitioner.

By deed dated November 4, 1947, certain bus terminal real estate located at 707 North Randolph Street, Arlington, Virginia, was transferred to Joseph L. Arnold and his wife, Antoinette M. Arnold, as tenants by the entirety with the common law right of survivorship. The petitioner and her husband, Joseph L. Arnold, continued to hold the aforementioned property as tenants by the entirety with

the common law right of survivorship until the death of Joseph L. Arnold on December 26, 1953. The original cost of this bus terminal real estate was $159,029.33 with 68.55 per cent ($109,029.33) of such cost being allocated to depreciable improvements and the remaining 31.45 per cent thereof ($50,000) being allocated to nondepreciable land. No improvements with respect to which petitioner is entitled to depreciation allowances were added to the property from the date of acquisition to and including the taxable year.

Petitioner, as executrix of the Estate of Joseph L. Arnold, deceased, reported the bus terminal property for Federal estate tax purposes as having a total value of $650,000 at the date of the death of the said Joseph L. Arnold. The parties agreed that the fair market value of the bus terminal property at the date of the death of Joseph L. Arnold was $650,000 and the parties also agreed that petitioner's basis for depreciation shall be 68.55 per cent of petitioner's total basis.

In petitioner's 1954 income tax return she claimed depreciation for 1954 with respect to said bus terminal real estate on the basis of original cost rather than the fair market value of said real estate at the date of the death of said Joseph L. Arnold. On or about November 23, 1956, petitioner filed claim for refund in the amount of $2,920.01 on the ground that she had mistakenly claimed depreciation for 1954 on the basis of the original cost of the bus terminal real estate, whereas she was entitled to claim depreciation for 1954 on the basis of the value of said real estate at the date of the death of the said Joseph L. Arnold.

The first issue is as to the correct basis of the bus terminal property for depreciation purposes. It is the contention of the petitioner that she is entitled to the stepped-up basis provided in section 113 (a) (5) of the Internal Revenue Code of 1939. The cited section provides, in part, "If the property was acquired by bequest, devise, or inheritance, * * * the basis shall be the fair market value of such property at the time of such acquisition."

Respondent contends that petitioner is not entitled to the basis provided in section 113 (a) (5), *supra*, because the bus terminal real estate was held by petitioner and her late husband, Joseph L. Arnold, as tenants by the entirety with the common law right of survivorship. Therefore, said property was not acquired by petitioner "by bequest, devise, or inheritance." It is respondent's argument that upon the death of her husband, petitioner did not take such property as a new acquisition, but instead took under the terms of the original conveyance, petitioner's estate being simply freed from the participation of her deceased husband.

With admirable candor petitioner admits the case of *Lang* v. *Commissioner*, 289 U. S. 109, holds against her contention. In the *Lang* case it was held (at p. 111):

> An estate by the entirety is held by the husband and wife in single ownership, by a single title. They do not take by moieties, but both and each take the whole estate, that is to say, the entirety. The tenancy results from the common law principle of marital unity; and is said to be *sui generis*. Upon the death of one of the tenants "the survivor does not take as a new acquisition, but under the original limitation, his estate being simply freed from participation by the other; * * *"

Petitioner argues that the *Lang* case is wrongly decided. The only argument advanced is that hardship results here by following the *Lang* decision and confiscation could result in a hypothetical case set forth in the brief by application of the doctrine of the *Lang* case and the Federal estate tax statutes. We followed the *Lang* case in *Edward V. Schiesser, Executor*, 28 B. T. A. 640, and we deem it controlling here. The Supreme Court in the *Lang* case was aware that hardship could result from the conclusion reached but as the opinion states "the remedy is with the Congress and not with the courts."[1]

The second issue is also a claim for refund which petitioner alleges is in the sum of $2,936.79. According to the petition, the refund claim seems to be computed in an unusual manner.

Petitioner paid her income tax on her income for the year 1954 as an unmarried person. She was unmarried during all of that year, but if she had been married she would have had the right under section 2 of the Internal Revenue Code of 1954 to split her income in two parts and pay only twice the normal tax and surtax. She computes what her tax would have been if she had been married and section 2 of the Internal Revenue Code of 1954 had applied, and she subtracts that from what she paid and the difference is the amount of her refund claim. She alleges she is entitled to this refund because section 2, I. R. C. 1954, is unconstitutional. It would seem she is claiming the benefit of a section of the Internal Revenue Code that she claims is unconstitutional. But, in any event, her petition presents no issue of law with respect to the constitutionality of section 2 of the Internal Revenue Code of 1954. She fails to allege any specific constitutional challenge. She alleges in general terms that the said section of the Internal Revenue Code constitutes the taking of property without due process of law and the denial of equal protection of the law; that it amounts to the arbitrary confiscation of property; and that the classifications for taxation therein are unreasonable, arbitrary, capricious, and discriminatory. Nowhere in the petition

---

[1] Some relief is granted to taxpayers in petitioner's situation by section 1014 (b) (9), I. R. C. 1954.

is there any reference to any specific provision of the Constitution that denies the power to enact such legislation.

Constitutional questions are of great importance and it is the duty of the party raising the question to state the specific clause of the Constitution that is alleged to have been violated. The constitutionality of a taxing statute is not drawn in question by a pleading which is defective in that it fails to point out the particular provision of the Constitution that is violated. *Coca-Cola Bottling Co.*, 22 B. T. A. 686, 702; *Frederick N. Dillon*, 20 B. T. A. 690; *Muriel Dodge Neeman*, 13 T. C. 397; and *Calvert Iron Works, Inc.*, 26 T. C. 770. In the *Dillon* case, *supra*, where the pleading situation was the same as here, we said (at p. 691):

> The pleadings do not raise any issue of law. In order to raise a question of law with respect to the constitutionality of a particular section of any one of the revenue acts, it is not sufficient to allege in general terms that Congress does not have the power to enact the section complained of. The specific constitutional provision alleged to be violated must be pointed out. \* \* \*

*Decision will be entered for the respondent.*