Antoinette M. FARACO, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 7717.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 21, 1958.

Decided Nov. 3, 1958.

David R. Shelton, Washington, D. C., for petitioner.

Carter Bledsoe, Attorney, Department of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Melva M. Graney, Attorneys, Department of Justice, Washington, D. C., on brief), for respondent.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and BRYAN, District Judge.

HAYNSWORTH, Circuit Judge.

Mrs. Faraco and her former husband, as tenants by the entirety with right of survivorship, were the owners of improved real estate in Arlington, Virginia. The original cost was $159,029.33, but, when the husband died on December 26, 1953, it had a fair market value of $650,-000. For purposes of the Federal Estate Tax, it was includible in the gross estate of the husband at the current market value. The taxpayer contends that she should be allowed the stepped-up basis for depreciation of the improvements in computing her 1954 income tax. The Tax Court denied her claim,[1] and she has appealed.

 Though the husband, by will, left his entire estate, real and personal, to his wife, it is clear that she, as the survivor of the tenants by the entirety, holds her present estate, under the laws of Virginia, by virtue of the deed, and she acquired nothing under the will of the husband. Vasilion v. Vasilion, 192 Va. 735, 66 S.E.2d 599. Since she acquired no interest in the land by devise or inheritance, she is limited, under the 1939 Code, to depreciation upon the basis of original cost. Lang v. Commissioner, 289 U.S. 109, 53 S.Ct. 534, 77 L.Ed. 1066. The fact that Virginia now imposes an inheritance tax upon the surviving tenant based upon the value of the property does not alter the situation, for Virginia, as its statute clearly undertakes to do, may impose an inheritance tax upon her interest despite the fact that she is not the inheritor of the terminated interest of the husband. The extension of the reach of Virginia's inheritance tax did not change the rights of tenants by the entirety under its substantive law.

Subjecting the property to the estate tax at current values upon the death of a co-tenant by the entirety while denying the survivor a stepped-up depreciation basis is so inherently inequitable that the Congress changed the rule of the 1939 Code. Under § 1014 of the 1954 Code, the survivor is entitled to the stepped-up basis for depreciation if the co-tenant died after December 31, 1953, 26 U.S.C.A. § 1014, but Congress did nothing to relax the restrictive provisions of § 113(a) (5) of the 1939 Code, 26 U.S.C.A. § 113(a) (5), if the death of the decedent occurred prior to January 1, 1954.

The taxpayer contends that the unqualified repeal of § 113(a) (5) of the 1939 Code and the substitution of § 1014 of the 1954 Code gives the taxpayer the right to take depreciation under § 1014 for a tax year beginning after December 31, 1953, even though § 113 of the 1939 Code would govern her basis in computing her 1953 income tax. The argument is that the cost basis is not an inflexible thing and is redeterminable each year under the provisions of the then applicable law. Doubtless the Congress could permit a redetermination of cost basis, though it be dependent initially upon a taxable event occurring when different rules of an earlier act were applicable.

However appealing the equities of the taxpayer's situation here, we cannot find that the Congress did provide for a redetermination of previously fixed cost bases. The reasonable rule of Section 1014[2] is limited by paragraph (b) (9) to

---

1. 29 T.C. 674.

2. "§ 1014. Basis of property acquired from a decedent.

"(a) *In General.*—Except as otherwise provided in this section, the basis of property in the hands of a person ac-

quiring the property from a decedent or to whom the property passed from a decedent shall, if not sold, exchanged, or otherwise disposed of before the decedent's death by such person, be the fair market value of the property at the date

those cases in which the decedent died after December 31, 1953. We find nothing in paragraph (a), or elsewhere in the 1954 Code, which modifies or overrides this express limitation, and are forced to the conclusion that Congress intended to restrict the liberalized rule in accordance with its clear expression in Section 1014(b) (9). It is true that in Section 1052(c) of the 1954 Code, 26 U.S.C.A. § 1052(c), Congress expressly provided for the continuation of a basis previously determined under Sections 113(a) (6), (7), (8), (13), (15), (18), (19) or (23) of the 1939 Code. The omission of any reference to paragraph (5) suggests that Congress may have contemplated a readjustment of the basis in this situation to the value at the date of death of the decedent even though occurring prior to January 1, 1954. What inference we may draw from the omission in Section 1052(c) must give way, however, to the express limitation in Section 1014(b) (9). If, as the taxpayer speculates, that limitation got in by inadvertence, Congress may remove it, but, until then, the Court may not disregard it.

█ Taxpayer also seeks to recover the difference in the tax paid upon her 1954 income and the amount of tax which would have been due if a husband and wife reported the same income and deductions upon a joint return. Permitting married taxpayers to use the split income device of § 2 of the 1954 Code, 26 U.S.C.A. § 2, while withholding the privilege from single persons, she says is such an arbitrary and unreasonable discrimination that it cannot be allowed under the Constitution. Classification of taxpayers according to marital status is not unrea-

sonable, however, and there was much reason behind the purpose to equalize the tax burden as it falls upon married couples in common law states in comparison with those in community property states. The fact that the change gave a proportionately greater tax reduction to married couples with large incomes is wholly irrelevant; if the rapid acceleration of the progressive tax rates ran afoul of no constitutional guaranty, a slight withdrawal may not be said to have done so.

We find no merit in the taxpayer's contentions.

Affirmed.

---

of the decedent's death, or, in the case of an election under either section 2032 or section 811(j) of the Internal Revenue Code of 1939 where the decedent died after October 21, 1942, its value at the applicable valuation date prescribed by those sections.

"(b) *Property acquired from the decedent.*—For purposes of subsection (a), the following property shall be considered to have been acquired from or to have passed from the decedent:

\* \* \* \* \*

"(9) In the case of decedents dying after December 31, 1953, property acquired from the decedent by reason of death, form of ownership, or other conditions (including property acquired through the exercise or non-exercise of a power of appointment), if by reason thereof the property is required to be included in determining the value of the decedent's gross estate under chapter 11 of subtitle B or under the Internal Revenue Code of 1939 \* \* \*."