Marvin Scheitel and Hazel Scheitel v. Commissioner.
Scheitel v. Commissioner
Docket No. 1116-67.
United States Tax Court
T.C. Memo 1968-181; 1968 Tax Ct. Memo LEXIS 117; 27 T.C.M. (CCH) 882; T.C.M. (RIA) 68181; August 13, 1968. Filed Marvin Scheitel and Hazel Scheitel, pro se, Route 1, Byron, Minn. Bert L. Kahn, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined deficiencies in petitioners' income tax of $102.66 for the calendar year 1963 and $279.12 for the calendar year 1964. The deficiencies are based upon the following items, all of which are at issue: (1) Disallowance of $227 of expense of maintaining an office in petitioners' home for 1963. (2) Disallowance of $190 of expense incurred by petitioner Hazel Scheitel as a private nurse in 1963. (3) Inclusion of earnings of petitioner Hazel Scheitel as a private nurse in selfemployment income for purposes of the self-employment tax in both 1963 and 1964. (4) Recapture of investment credit in 1964. [1]
*119 883 Findings of Fact Petitioners are husband and wife and had their legal residence at Route No. 1, Byron, Minnesota, at the time of the filing of the petition herein. They filed joint income tax returns for the years in question with the district director of internal revenue at St. Paul, Minnesota. Petitioners' return for 1963 showed taxable income of $8,480.10, itemized deductions of $2,888.15, exemptions of $2,400, and net taxable income of $3,191.95, upon which a tax of $638.39 was calculated. An investment credit of $82.15 with respect to certain partnership property was deducted from this amount and self-employment tax of $259.20 on Marvin's earnings was added, producing a total tax of $815.44, which was paid. Petitioners' return for 1964 showed total taxable income of $2,856.24, itemized deductions of 12,017.44, exemptions of $2,400, and a minus net taxable income of $1,561.20, and no tax due. No self-employment tax was shown to be due. Withholding of $140.82 and payments of $30 on account of estimated tax were shown to have been paid and a refund of $170.82 was claimed. On their 1963 return, petitioners claimed a deduction of $250 with respect to the maintenance *120 of an office in their home. The home was acquired at an undeterminate date and had an original cost of $12,791.40, plus improvements of $1,590.00, or a total cost of $14,381.40. It was sold some time in 1964 for a gross price of $13,900. The fair market value of the home at the time of its conversion to business use was $13,900.. Nine percent of the home was used for business purposes. The cost to petitioners of maintaining such office during 1963 was $138.20. Petitioners made no claim on their return for the cost of such office in 1964. During 1963, Hazel expended at least $190 in driving her car between her home and her various posts of duty as a private nurse. Hazel received the following amounts as earnings as a private nurse: $2,183 in 1963 and $2,560 in 1964. No self-employment tax was included in the 1963 and 1964 returns relating to these earnings. For 1963, respondent allowed petitioners an investment credit as follows: 1962 investment credit from partnership
$ 58.73
1963 investment credit from partnership
82.15
1964 investment credit from self-proprie- torship 40.05
$180.93
Less: claimed on return 82.15
Excess allowed
$ 98.78
The investment *121 credits from the partnership were in respect to property of a partnership known as Mary & Walt's Pure Oil in Minneapolis, Minnesota, of which Marvin was a 50 percent owner. The property was sold and the partnership terminated in 1964. Petitioners claimed a loss of $253.71 from the partnership on their 1964 return. Opinion We have given most careful consideration to petitioners' "motion to dismiss" on the ground that respondent's actions are unconstitutional. It is clearly no longer open to question that deductions and credits are a matter of legislative grace and that the Constitution gives taxpayers no vested rights thereto. E. g., Lykes v. United States, 343 U.S. 118 (1952); New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). We do not perceive why any different principle should apply to the requirement that each self-employed person must make a return [2] and pay a selfemployment tax even though he may be entitled to file a joint return for income tax purposes. Section 6017. The right to file a joint return is equally dependent upon legislative grace. [3]Faraco v. Commissioner, 261 F. 2d 387 (C.A. 4, 1958); Cain v. United States, 211 F. 2d 375 *122 (C.A. 5, 1954). Nor can we take into account petitioners' argument, no matter how honestly and fervently they may believe it, that existing social security and income tax legislation reflects an erroneous economic and social philosophy. Crowe v. Commissioner, 396 F. 2d 766 (C.A. 8, June 28, 1968).
With respect to the deduction in 1963 for the portion of petitioners' home used for business purposes, the only dispute between the parties relates to the amount of the deduction to which petitioners are otherwise conceded to be entitled. Our findings of fact show the amount we have allowed. In making our calculation, we have allowed depreciation and have calculated it upon the basis of a "cost" of $13,900. In the 884 absence of any evidence as to the time of conversion of a portion of the house to business use or as to its fair market value at the time of such conversion, we have used the price at which the house was sold as evidence of such fair market value and hence its "cost" for purposes *123 of computing depreciation. Section 1.167(g)-1, Income Tax Regs.[4] Respondent did not allow any depreciation on the ground that any such allowance in 1963 would be offset by an identical profit in 1964. Aside from the fact that such a shortcut is not proper because two different taxable years are involved, with a consequent difference in the amount of interest on any deficiency, we note that petitioners' 1964 return showed a minus figure for all taxable income substantially in excess of the depreciation item. Thus, even if we found an additional equivalent amount of taxable income in 1964, petitioners would still have no net taxable income for that year. We have not taken into account, in calculating the amount of deductible expense, real estate taxes of $374.31 and interest of $561.39 for the reason that these items were deducted as such in full on petitioners' 1963 return. With respect *124 to the $190 expense incurred by Hazel in 1963 in traveling from her home to her posts of duty as a private nurse, we can understand why petitioners would think that they were entitled to a deduction. But, as a matter of law, this item is nothing more than a commuting expense for which no deduction can be allowed. Margaret Galotta Sheldon, 50 T.C. 24 (1968). With respect to Hazel's earnings as a private nurse in 1963 and 1964, it is clear that such earnings are subject to the self-employment tax. Sections 1401-1403 and 6017. Lastly, it is clear that petitioners are liable in 1964 for the amount of the investment credit for partnership property allowed to them for 1963. The credits were for such property acquired in 1962 ($58.73) and in 1963 ($82.15) and sold in 1964. Thus, the property was not held for the minimum period of four years and is therefore subject to recapture in 1964. Section 47. It is immaterial that, aside from such recapture, petitioners showed a minus net taxable income for that year. Section 1.47-1(b), Income Tax Regs. At the trial, there was some question as to whether the basis for depreciation of such property had been *125 or should have been increased by the reduction in basis previously brought about by the original allowance of the investment credit and the possible effect of such increase on the amount of the partnership loss claimed by petitioners for 1964. The record was held open for the purpose of furnishing the calculations in this regard. It appears, however, that even if such an increase had not been given effect and is now allowed, along with an equivalent increase in petitioners' share of the partnership loss, no tax benefit would accrue to petitioners therefrom. The only result of such an exercise would be to enlarge the minus net taxable income figure revealed on petitioners' 1964 return. The additional information which was to have been submitted after trial would therefore no longer be of any use. In view of the foregoing, Decision will be entered under Rule 50. [5]
*126 Footnotes
1. The self-employment tax and recapture of investment credit provisions apply even though a taxpayer otherwise shows a minus net taxable income. Secs. 47(a) and 6017; sec. 1.47-1(b)↩, I.T. Regs. All references are to the Internal Revenue Code of 1954, as amended.
2. This is accomplished by filing Schedule C-3 to Form 1040. ↩
3. It was not until 1948 that Congress granted husband and wife the privilege of filing joint income tax returns.↩
4. Since we have used a figure in excess of the $13,500, which appears to have been used in making the calculations reflected in the $250 claimed by petitioners, the additional information requested by the Court at the trial would no longer serve any useful purpose.↩
5. We note that petitioners' 1964 return claims payments of tax in the aggregate amount of $170.82. Assuming these amounts were paid and no refund thereof has been made to petitioners, the actual payment required to be made by petitioners with respect to the asserted deficiency for 1964 will presumably be correspondingly reduced.↩