Roy C. and Thresa J. Camp v. Commissioner.
Camp v. Commissioner
Docket No. 7580-70.
United States Tax Court
T.C. Memo 1972-74; 1972 Tax Ct. Memo LEXIS 183; 31 T.C.M. (CCH) 297; T.C.M. (RIA) 72074; March 27, 1972, Filed. Roy C. Camp, pro se, 8711 Southwestern Blvd., Apt. 251, Dallas, Tex.Bernard B. Nelson, for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1968 in the amount of $1,189.94. The only issue for decision is whether the provisions of section 267, I.R.C. 1954, [1] disallowing losses from sales of property between members of a family are unconstitutional as applied to the facts in this case. All of the facts have been stipulated and are found accordingly. Petitioners, husband and wife whose legal residence was in Dallas, Texas at the time of the filing of the petition in this case, filed a joint *184 Federal income tax return for the taxable year ended December 31, 1968, with the district director of internal revenue at Dallas, Texas. Roy C. Camp (hereinafter referred to as petitioner), when his grandfather died on November 6, 1960, inherited a piece of property 27 feet wide located on Lemon Avenue in Dallas, Texas. The adjacent 43.8 feet of property on Lemon Avenue was bequeathed by petitioner's grandfather to an individual by the name of Cecil R. Fullen subject to an option granted by the will to Lota Mae Kennedy, petitioner's sister, to purchase the property for $15,000 under conditions specified in the will. As of October 23, 1967, Lota Mae Kennedy had purchased the 43.8 feet of property on Lemon Avenue adjacent to petitioner's 27 feet. On that date petitioner and Lota Mae Kennedy entered into a contract providing for the purchase by Lota Mae Kennedy of petitioner's 27 feet of property on Lemon Avenue for $18,000, of which $15,000 was to be paid in cash at the time of closing and the remaining $3,000 was to be paid by a nonnegotiable promissory note. This note was due and payable at the time Lota Mae Kennedy should sell the Lemon Avenue property, or 60 days after she had *185 discharged a note secured by a lien on the entire Lemon Avenue property, or 6 months after her death. At the time petitioner sold the property to his sister, the property was encumbered by a deed of trust securing a note which petitioner agreed should be discharged out of the $15,000 cash he was to receive for the property in order that the property could be transferred to his sister free of encumbrance. On February 9, 1968, the sale of the property by petitioner to his sister was closed. Petitioners on their Federal income tax return for 1968 claimed a deduction in the amount of $5,006.81 as a loss on the sale by petitioner of the 27 feet of property on Lemon Avenue to his sister Lota Mae Kennedy. Respondent in his notice of deficiency disallowed this claimed loss deduction on the ground that section 267[2] prohibited the allowance of the claimed deduction. Respondent stipulated that petitioners did sustain a loss on the sale of the property in the amount claimed on their income tax return. *186 Petitioner argues that because of the indebtedness on his 27 feet of property he would have lost the property by foreclosure if he had not sold it. He stated that he tried to sell the property for several years but was unable to do so because of its size. He further stated that he attempted to sell the property to the person who owned the adjacent property on the opposite side of his 27 feet from the property his sister owned and was unable to interest that person in buying his property. Petitioner contends that when he was unable to dispose of his property otherwise, he negotiated with his sister's attorney and sold the property to her in an arm's-length transaction. Petitioner argues that under these circumstances to disallow a deduction for the loss he sustained on the 299 sale of the property discriminates against him and violates his constitutional rights. Petitioner points to no specific provision in the Constitution which he claims the provisions of section 267 violate. In Antoinette M. Faraco, 29 T.C. 674, 677 (1958), affirmed 261 F. 2d 387 (C.A. 4, 1958), we held that the constitutionality of a taxing statute is not properly raised when a *187 taxpayer fails to point out the particular provision of the Constitution that is violated. However, since petitioner has referred to section 267 as being "discriminatory" as applied to him, we will assume that his position is that the section as applied to his sale to his sister is violative of the 5th or 14th amendment to the Constitution. However, we do not agree with petitioner that section 267 is discriminatory in such a manner as to cause its provisions to be unconstitutional under the 5th or 14th amendment. We pointed out in Abraham J. Muste, 35 T.C. 913, 918 (1961), that an act of Congress "is not lightly to be set aside;" and that the presumption of validity is particularly strong in the case of a revenue measure. We stated in Charles E. Moritz, 55 T.C. 113, 115 (1970): If Congress sees fit to establish classes of persons who shall or shall not benefit from a deduction, there is no offense to the Constitution, if all members of one class are treated alike. Brushaber v. Union Pac. R.R., 240 U.S. 1 (1916). Such classifications have traditionally been held to be constitutional. See Shinder v. Commissioner, 395 F. 2d 222 *188 (C.A. 9, 1968), affirming a Memorandum Opinion of this Court. While our attention has not been directed to nor have we found, any cases dealing with the constitutionality of the provisions of section 267, the application of these provisions to various situations has been before the courts on many occasions. In McWilliams v. Commissioner, 331 U.S. 694 (1947), the Supreme Court pointed out with respect to the predecessor of section 267 that it "states an absolute prohibition - not a presumption - against the allowance of losses on any sales between the members of certain designated groups." In Nathan Blum, 5 T.C. 702 (1945), the taxpayer contended that the provisions of the predecessor of section 267 should not apply to a sale he made of a partnership interest to his brother. He based his position on the fact that the sale was bona fide even though it was between brothers. His argument was in substance the same as petitioner's herein. The taxpayer in the Blum case contended that since he and his brother were partners, his brother was the logical person to whom to sell his partnership interest, that the sale was bona fide and that because of those facts he *189 should be entitled to deduct the loss resulting from the sale. In that case we stated that even though hardship might result in particular cases where a transaction was in good faith that the language of the statute was so broad as to admit of no exception. In the more recent case of James H. Merritt, Sr., 47 T.C. 519 (1967), affirmed 400 F. 2d 417 (C.A. 5, 1969), we held section 267 to be applicable even where the sale was in a sense compulsory. The hardship on petitioner in this case is no greater than has been the hardship to other taxpayers who made a bona fide sale of property to another family member. We hold that section 267 is constitutional as applied to the facts in this case. Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954.↩
2. Sec. 267(a) Deductions disallowed. - No deduction shall be allowed - (1) Losses. - In respect of losses from sales or exchanges of property (other than losses in cases of distributions in corporate liquidations), directly or indirectly, between persons specified within any one of the paragraphs of subsection (b). * * * (b) Relationships. - The persons referred to in subsection (a) are (1) Members of a family as defined in subsection (c)(4); * * * (c) Constructive Ownerhip of Stock. - For purposes of determining, in applying subsection (b), the ownership of stock - * * * (4) The family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants; and * * *↩