GLADWIN C. LAMB, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lamb v. Commissioner
Docket No. 2147-71.
United States Tax Court
T.C. Memo 1973-71; 1973 Tax Ct. Memo LEXIS 216; 32 T.C.M. (CCH) 305; T.C.M. (RIA) 73071; March 27, 1973, Filed Gladwin C. Lamb, pro se. Larry K. Hercules, for the respondnet. TIETJENS
MEMORANDUM FINDINGS OF FACT AND OPINION TIETJENS, Judge: The Commissioner determined a deficiency and additions to tax for the taxable year 1969 of petitioner as follows: Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
$2,271.60
$567.90
$113.58
$71.44
All of the foregoing were determined due to petitioner's failure to file a Federal individual income tax return and to pay 2 the tax for 1969. Petitioner asks for a redetermination on the ground that the income tax is illegal. FINDINGS OF FACT Some of the facts are stipulated and are *217 so found. Petitioner offered no evidence at trial, and he does not appear to question the correctness of any of the factual determinations of the Commissioner. Petitioner was a resident of Wichita, Kansas at the time he filed his petition with this Court. Exhibit A filed with the stipulation of facts in this cause is an individual Federal income tax return Form 1040 for 1969 devoid of information regarding petitioner's gross income for that year and containing only petitioner's name, address and signature. This document and another empty form with voluminous attachments not addressed to any factual issue were transmitted to the Commissioner in the second half of 1970. At one point petitioner states in these papers: "total income as expressed in monies of account of the U.S. ." Petitioner received gross income in 1969 composed of the following items: 3 Salary
$ 6,250.00
Interest
298.52
Net long-term capital gain
5,493.25
Rental income
1,262.46
Income from business
5.18
Miscellaneous (state tax refund)
91.11
Total
$13,400.52
Petitioner's employer did not withhold tax from the salary paid petitioner in 1969. In the statutory notice of deficiency *218 the Commissioner computed petitioner's tax liability based on one personal exemption, the standard deduction then applicable for a married individual filing separately, and the rate of tax for such an individual. OPINION Petitioner does not question the applicability of sections 61 and 1201, Internal Revenue Code of 1954, to the income he earned nor the correctness of the penalties assessed if we uphold the Commissioner's position that the Internal Revenue Code and the Federal Reserve System are constitutional. We point out that petitioner did not reply specifically on any constitutional basis for his position in the pleadings in this case. We have tried to give him the benefit of any doubt. At trial petitioner confined his 4 presentation to the examination and "testimony," if it can be called such, of Arthur J. Porth, a convicted tax evander, (see United States v. Porth, 426 F.2d 519 (C.A. 10, 1970)) who recited the various legal theories that petitioner advances to us as a justification for his resistance of the tax. Some of the printed matter petitioner submitted to the Internal Revenue Service in 1970 with the blank Forms 1040 were rubber stamped with *219 the legend "Distributed by A. J. Porth * * * He pays no Income Tax, State or Federal." Petitioner contends that the Internal Revenue Code is unconstitutional on the ground basically, as we understand it, that Congress is limited to imposing a flat ten percent tax on all income. We think that arguments of this sweeping nature are answered by authorities such as Brushaber v. Union Pac. R.R., 240 U.S. 1 (1916), Eisner v. Macomber, 252 U.S. 189 (1920), and Springer v. United States, 102 U.S. 586 (1880); see also Porth v. Broderick, 214 F.2d 925, 926 (C.A. 10 1954); Antoinette M Faraco, 29 T.C. 674 (1958), affd. 261 F.2d 387 (C.A. 4, 1958), certiorari denied 359 U.S. 925 (1959). 5 Next, petitioner argues that none of his income is subject to tax because none of it was received in the form of gold or silver currency, which in petitioner's view can be the only lawful medium of exchange and, therefore, he received no taxable income. Petitioner maintains that Federal Reserve money is bogus and counterfeit under the Constitution. The only mention of gold or silver in the Constitution is found *220 in Article I, section 10, which prohibits states from making anything but gold and silver coins a tender in payment of debts. This clause does not limit Congress' power to establish legal tender. Juilliard v. Greenman, 110 U.S. 421, 446 (1884); United States v. Porth, 426 F.2d 519, 523 (C.A. 10, 1970), certiorari denied 400 U.S. 284 (1970). We hold that petitioner received taxable income. Petitioner also claimed that he was unlawfully denied a jury trial in the Tax Court, citing the Seventh Amendment. The contention is rebutted by Olshausen v. Commissioner, 273 F.2d 23, 27-8 (C.A. 9, 1959), affirming a Memorandum Opinion of this Court. 6 There is also a suggestion in petitioner's brief that petitioner was entitled to resist the tax in good faith because his objections to it were based on religious beliefs. Our decision in Abraham J. Muste, 35 T.C. 913 (1961) holds that there is no First Amendment violation unless the taxing statute directly restricts the free exercise by an individual of his religion. We have no evidence in this case of such a restriction. As for the additions to tax that were determined, *221 it is clear that the blank forms petitioner filed with the Commissioner in late 1970 did not constitute a late return. United States v. Porth, supra.Also, petitioner has amply revealed before us and in his mailings to the Commissioner that his failure to file and his underpayment of the entire tax due was a deliberate and willful act, however honest. The penalties under sections 6651(a) and 6653(a) are therefore proper. See generally United States v. Malinowski, F.2d ( C.A. 3, 1973, 31 A.F.T.R. 2d, 668, 73-1U.S.T.C. par. 9199). Decision will be entered for the respondents