DENNIS L. AND SHIRLEY M. BRISSETTE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Brissette v. Commissioner
Docket No. 657-75.
United States Tax Court
T.C. Memo 1977-77; 1977 Tax Ct. Memo LEXIS 363; 36 T.C.M. (CCH) 352; T.C.M. (RIA) 770077; March 23, 1977, Filed *363 Dennis L. Brissette, pro se. Richard D. D'Estrada, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: Respondent determined a deficiency in petitioners' 1972 Federal income tax of $428.72. The issues presented for decision are: (1) Whether petitioners have a constitutional right to a trial by jury in this Court; (2) Whether this proceeding violated in some manner any of petitioners' other constitutional rights; (3) Whether petitioners have adequately substantiated their deductions for charitable contributions, medical expenses, real estate taxes, and state and local gasoline taxes. At the time they filed their petition, petitioners resided in Brighton, Colorado. Shirley M. Brissette is a party solely by virtue of having filed a joint return with her husband, and therefore when we refer to petitioner, we will be referring to the husband. Petitioner at trial submitted no evidence. Instead he made the following oral motions: (1) To dismiss this case for failure of the Court to provide a jury; (2) To dismiss this case on the ground that Donald C. Alexander, Commissioner, and G. L. Mihlbachler, District Director for the District of Colorado, *364 both of the Internal Revenue Service, were not present in the courtroom. At trial we denied each motion. Turning to petitioner's first motion, it is well settled that he has no right under the Seventh Amendment to the Constitution to a jury trial before this Court. E.g., Swanson v. Commissioner,65 T.C. 1180 (1976); Dorl v. Commissioner,57 T.C. 720 (1972), affd. percuriam507 F. 2d 406 (2d Cir. 1974). Petitioner also argued that other amendments to the Constitution accorded him a right to a jury trial before this Court. We think that these secondary arguments are groundless. Petitioner's second motion is equally lacking in merit. Only if petitioner had presented evidence suggesting that respondent had violated any of petitioner's constitutional rights, would we look behind the deficiency notice. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 328 (1974). Petitioner, however, has failed to present even a scintilla of evidence concerning his suspicions that the audit of his return was politically motivated. What little evidence there is, namely a sworn affidavit from respondent's *365 Returns Program Manager, indicates that petitioner's return was routinely selected for audit on perfectly legitimate grounds. [1] Further, he has not shown how the testimony of Commissioner Alexander and Director Mihlbachler would help him support his suspicions. Starr v. Commissioner,226 F. 2d 721, 724 (7th Cir. 1955), cert. denied 350 U.S. 993 (1956), affg. a Memorandum Opinion of this Court. Moreover, petitioner made no serious effort to employ the various discovery tools available to him to determine whether there was a factual basis for his suspicions and whether these two witnesses could have aided him in developing further facts. Although he did file on March 18, 1976, a motion for discovery, when the day of the scheduled hearing on the motion came, he refused to allow his briefcase to be searched upon entry to the Federal building in which the Court was sitting and refused to enter without his briefcase. [2] The Court thereupon denied his discovery motion. He made no further discovery attempts. Petitioner also made no attempt to obtain a subpoena under Rule 147(a), Tax Court Rules of Practice and Procedure. Under these circumstances, we *366 can see no merit in petitioner's second motion. Petitioner, in what can only be described as a stormy, incoherent brief, often verging on the frivolous, argues a variety of points. He first argues that, because respondent did not attempt to substantiate petitioner's deduction, the audit was politically motivated. Petitioner, however, is simply incorrect in thinking that respondent's failure to substantiate petitioner's deduction shifts the burden of persuasion to respondent. Cf. Roberts v. Commissioner,62 T.C. 834, 838 (1974). In his brief he again repeats his argument that he is entitled to jury trial, an argument we have already dismissed. He also argues that he received no "dollars" in 1972 as that word is used in 31 U.S.C. 314. *367 [3] In the recent case of Gajewski v. Commissioner,67 T.C. 181 (1976), we decided this exact issue adversely to petitioner. He fainally makes a vague, general appeal to the Constitution to support his feeling that he need not cooperate with respondent. His general appeal to the Constitution, however, is far too vague and indefinite to raise properly any constitutional issues. Faraco v. Commissioner,29 T.C. 674 676-677 (1958), affd. 261 F. 2d 387 (4th Cir. 1958), cert. denied 359 U.S. 925 (1959). Moreover, we can discern nothing in the Constitution that will aid petitioner. Although we are cognizant of petitioner's feeling of outrage, we think he has utterly failed to justify his intransigent refusal *368 to substantiate his deductions. We are thus left with a situation in which petitioner, upon whom the burden of persuasion lies (Rule 142(a), Tax Court Rules of Practice and Procedure), has submitted no evidence concerning the underlying deficiency. We are thus compelled to decide in favor of respondent. Decision will be entered for the respondent. Footnotes
1. The return was identified by computer as having a high audit potential. Because certain itemized deductions appeared unusually high in relation to gross income, the return was selected for audit examination. ↩
2. Petitioner has no rights under the Fourth Amendment to the Constitution to refuse such a limited and reasonable search. Downing v. Kunzig,454 F. 2d 1230↩ (6th Cir. 1972).
3. 31 U.S.C. 314 provides: The dollar of gold nine-tenths fine consisting of the weight determined under the provisions of section 821 of this title shall be the standard unit of value, and all forms of money issued or coined by the United States shall be maintained at a parity of value with this standard, and it shall be the duty of the Secretary of the Treasury to maintain such parity.↩