ESTATE OF TALMADGE G. RAUHOFF, DECEASED, FLORA MAE RAUHOFF, EXECUTRIX, AND FLORA MAE RAUHOFF, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Rauhoff v. Commissioner
Docket No. 2087-75.
United States Tax Court
T.C. Memo 1982-494; 1982 Tax Ct. Memo LEXIS 257; 44 T.C.M. (CCH) 968; T.C.M. (RIA) 82494; August 25, 1982. Anna R. Lavin and Edward J. Calihan, Jr., for the petitioners. John J. Morrison, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined a deficiency in petitioners' Federal income tax of $29,034.99 for the calendar year 1970, and an addition to tax under section 6651(a)(1) of $16,846.65. After concessions made by the parties, the sole issue presented for decision is whether respondent properly imposed an addition *258 to tax for the calendar year 1970 under section 6651(a)(1) of the Internal Revenue Code. [1]
This case was submitted to the Court on a fully stipulated basis, pursuant to the provisions of Rule 122. [2] The evidence accordingly consists solely of a stipulation of facts, and attached exhibits, and these facts are incorporated herein by this reference. Petitioners Talmadge G. Rauhoff and Flora Mae Rauhoff (hereinafter "the petitioners") resided at 104 North Stough Street, Hinsdale, Illinois, at the time the petition herein was filed. Talmadge G. Rauhoff died testate on or about October 22, 1980, and his estate eas thereafter substituted as one of the petitioners herein. Pursuant to successive applications by petitioners for extension of time to file, granted by respondent, the petitioners' income tax return for 1970 was due on September 15, 1971. The petitioners' joint tax return for 1970 was filed with the *259 Internal Revenue Service Center in Kansas City, Missouri, on January 18, 1972, four months and three days after the extended September 15, 1971, due date. When petitioners filed their 1970 tax return, the amount of $46,361.92 was shown on the return as the total tax. Line 26 of the return indicated that the total Federal income tax withheld during 1970 amounted to $8,010.70. The petitioners failed to pay $38,351.22, shown as the balance due, at the time of filing. Subsequently, the IRS assessed the $46,361.92 shown on the return as the tax, and credited the petitioners' account with the $8,010.70 withheld. No further payment by petitioners, or credits to their account, occurred prior to June 9, 1972. In his timely statutory notice of deficiency herein, respondent determined, inter alia, that an addition to tax under section 6651(a)(1) should be imposed. The following explanation was furnished: Since your income tax return was not filed within the time prescribed by law and you have not shown that such failure to timely file your return was due to reasonable cause, 25 percentum of the tax is added as provided by section 6651(a) of the 1954 Internal Revenue Code. On January 14, 1978, the *260 IRS assessed the petitioners with an addition to tax under section 6651(a)(2) for their failure to timely pay the balance due, as per their 1970 return. This addition to tax was paid by the petitioners. The parties have agreed that petitioners' income, as reported on their return, was understated by $5,248.38, due to the disallowance of a claimed employee business expense deduction. The amount of tax required to be shown on the return was, therefore, greater than the amount shown on the return as filed. No evidence was introduced by the petitioners relative to the question of whether the late filing of their 1970 joint Federal income tax return was due to reasonable cause and not to willful neglect, and petitioners on brief specifically abandoned the issue. Nor do petitioners dispute altogether the propriety of respondent's imposition of additions to tax under both sections 6651(a)(1) and 6651(a)(2). Rather, petitioners claim that, under section 6651(c)(1)(A), all payments made in satisfaction of the addition to tax imposed under section 6651(a)(2) should be treated as a full offset against any addition to tax imposed under section 6651(a)(1). Further, petitioners claim that *261 respondent is erroneously attempting to impose the addition to tax under 6651(a)(1) on the tax deficiency which will result from the parties' settlement of the other issues in the case. In other words, petitioners assert that respondent's action equates the concession of an issue by petitioners to an admission on their part that the resulting deficiency was the result of "willful neglect." Respondent claims that when a Federal income tax return is not filed on the date prescribed by law, an addition to tax is required under section 6651(a)(1) unless the taxpayer shows that the failure to timely file was due to reasonable cause and not to willful neglect, and that the addition is properly to be computed upon an amount which necessarily includes any deficiency of tax as determined by this Court. Respondent acknowledges that when additions to tax are imposed under both sections 6651(a)(1) and 6651(a)(2), a reduction in the total amount of the addition under section 6651(a)(1) may result because of the operation of section 6651(c)(1)(A), but contends that such reduction is not necessarily in the total amount of the section (a)(2) addition imposed. We hold for the respondent. Under *262 section 6651(c)(1)(A), the amount of an addition to tax under section 6651(a)(1) may be reduced by the amount of the addition to tax imposed under section 6651(a)(2). The reduction resulting from the wording of section 6651(c)(1)(A) is not, however, a total offset. It only occurs when additions to tax are imposed under both subsections (a)(1) and (a)(2) for the same months, and only to the extent of the addition to tax under section 6651(a)(2) for such months. In the case before us, petitioners filed their tax return for calendar year 1970 four months and three days after the due date, as extended. The record also establishes that at the time the tax return was filed, the balance shown as due was not paid, nor was it for some time thereafter. The application of the additions to tax under the abovementioned subsections, therefore, only coincided between the September 15, 1971, due date and the January 18, 1972, filing date. For the purposes of calculating the additions to tax under the above subsections in this case, the addition for failure to pay is an offset against the addition imposed for failure to file for five months (viz., September 15, 1971, to January 18, 1972) and *263 should be given effect in the recomputation herein under Rule 155. Contrary to petitioners' contentions, there is thus no duplication or overlapping of additions involved here. Each addition to tax is imposed for a separate and distinct infraction by petitioners -- the failure to timely file, in the case of section 6651(a)(1), and the failure to timely pay, in the case of section 6651(a)(2). Further, each is imposed on a different amount -- the amount required to be shown on the return, section 6651(a)(1), and the amount actually shown which remains unpaid,section 6651(a)(2). Finally, the period for which the respective additions are imposed are different: the addition for failure to file is for a maximum of five months, and the addition for failure to pay is imposed for a maximum of 50 months. Petitioners also assert that it is improper for the respondent to impose an addition under section 6651(a)(1) on the tax deficiency resulting from the agreed disallowance of a claimed employee business expense deduction. We find no merit in this contention. When determining the amount of the addition to tax which should be imposed under subsection (a)(1), the statute expressly *264 states that the addition to tax resulting from the failure to timely file a return "shall be added to the amount required to be shown as tax on such return * * *", section 6651(a)(1). This term means the net amount of the tax required to be shown on the return, which includes not only any credits for withholding or estimated taxes, but also any deficiencies subsequently determined. Compare American Milk Products Corp. v. Commissioner,41 F.2d 966 (Ct. Cls. 1930), construing the predecessor to the present statute. The fact that petitioners conceded a certain issue that otherwise would have come before this Court does not preclude the respondent from determining an addition to tax with regard to the resulting deficiencies. A deficiency which petitioners concede to be due is obviously a tax which was required to be shown on the return. Nor does the imposition of the addition upon a determined deficiency do any violence to any general policy of the law favoring amicable settlement of disputes, as argued by petitioners. The imposition of the section 6651(a)(1) addition by respondent is an issue separate from the deficiency itself, and petitioners were free to contest *265 such addition in this Court as an independent matter, on the merits, section 6660(b)(1). They so pleaded it, but thereafter abandoned it. The choice was theirs. The proper application of sections 6651(a)(1) and 6651(a)(2), and their interaction purtsuant to section 6651(c)(1)(A), are set forth in respondent's regulations, section 301.6651-1(f), example (1)(a), Income Tax Regs. This regulation clearly covers the two issues raised by petitioner, as discussed above. Although respondent's regulations are not necessarily binding upon us, they are entitled to great weight and should be followed unless clearly inconsistent with the statute. Commissioner v. O. Liquidating Corp.,292 F.2d 225, 231 (3d Cir. 1961). We hold that the regulation is a correct interpretation of the statute on these points. On brief, and for the first time, petitioners argue that respondent's actions in determining an addition to tax under section 6651(a)(1) in his statutory notice herein, followed later by the assessment of an addition to tax under section 6651(a)(2) for the same tax year, without any statutory notice, see section 6659(b)(1), someshow violates petitioners' Constitutional *266 rights to equal application of the laws under the Fifth Amendment to the Constitution. Constitutional issues are not properly raised before us where they have not been pleaded, as here. Faraco v. Commissioner,29 T.C. 674 (1958), affd. 261 F.2d 387 (4th Cir. 1958), cert. denied 359 U.S. 925 (1959). In any case, we find these arguments to be without merit. Decision will be entered under Rule 155.
Footnotes
1. All references herein are to the Internal Revenue Code of 1954, as in effect in the year at issue, unless otherwise noted.↩
2. All rule references herein are to the Rules of Practice and Procedure of this Court, unless otherwise noted.↩