T.C. Memo. 2021-71

UNITED STATES TAX COURT

DAVID ANDREW LUFKIN, SR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7653-17L.                          Filed June 8, 2021.

David Andrew Lufkin, Sr., pro se.

Martha J. Weber, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GREAVES, Judge:  This collection due process (CDP) case was tried before

Judge Robert P. Ruwe on June 3, 2019.[1]  Petitioner seeks review of respondent's

_____

[1]After this trial the Court issued an order proposing to reassign this case to another judicial officer for purposes of preparing the opinion and entering a decision based on the record of trial, or, alternatively, allowing the parties to

(continued...)

[*2] notice of determination that sustained a proposed levy under section 6330 with respect to employment taxes reportable on Form 941, Employer's Quarterly Federal Tax Return (Form 941 liabilities), for the periods ending September 30 and December 31, 1998 (periods at issue).[2] Petitioner asserts that he is not liable for the Form 941 liabilities for the periods at issue. He also argues that the periods of limitations for the Form 941 liabilities expired and that respondent failed to follow all applicable laws and procedures in his attempt to assess and collect those liabilities. Petitioner failed to offer sufficient evidence to substantiate his claims; therefore, we decide this case in respondent's favor.

FINDINGS OF FACT

The following facts are based on the admissible record, including the parties' pleadings, trial testimonies, and posttrial briefs. Petitioner resided in Tennessee when he petitioned this Court.

---

[1](...continued)
request a new trial or supplement the record. The parties consented to reassignment of the case and did not request a new trial or request to supplement the record. By order dated August 31, 2020, this case was submitted to Judge Travis A. Greaves.

[2]Unless otherwise noted, all section references are to the Internal Revenue Code in effect for the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]**  Respondent assessed the Form 941 liabilities, which arose in connection with petitioner's law practice, for the periods at issue on December 14, 1998, and June 21, 1999, respectively.[3]  After petitioner underwent multiple chapter 7 bankruptcy proceedings between 2000 and 2011, respondent issued petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (CDP notice) on October 8, 2014, in an effort to collect the Form 941 liabilities.

In response to the CDP notice petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, on October 24, 2014. The case was assigned to Settlement Officer Alan Eddelman (SO Eddelman) in December 2016.  SO Eddelman participated in a telephone collection due process hearing (CDP hearing) with petitioner in January 2017.  Petitioner asserted that he was not liable for the Form 941 liabilities because another entity had assumed them.  Petitioner argued in the alternative that the periods of limitations for collection of the Form 941 liabilities had expired and that they had been

_____

[3]The above assessment dates are based on the dates included in the notice of determination.

**[\*4]** discharged in one of his prior bankruptcy proceedings.[4]  Petitioner did not propose any collection alternative during the CDP hearing.

After the CDP hearing respondent issued the notice sustaining the proposed levy.  Respondent attached SO Eddelman's report to the notice of determination, wherein SO Eddelman stated that he had "verified the requirements of any applicable law or administrative procedure were met."  Specifically, he found that Internal Revenue Service (IRS) "records confirmed the proper issuance of the notice and demand, Notice of Intent to Levy and/or Notice of Federal Tax Lien * * * filing, and notice of a right to a * * * [CDP] hearing."  SO Eddelman concluded that "none of the available facts show that the Form 941 liabilities for the periods ending September 30, 1998 and December 31, 1998 were assumed, acquired, or somehow transferred from * * * [petitioner] to any other entity."  He also determined that the periods of limitations for collection had been suspended during petitioner's bankruptcy proceedings.  Petitioner timely petitioned this Court seeking review of the proposed levy for the periods at issue.

---

[4]Although he raised the issue during the CDP hearing, petitioner did not allege in his petition that the Form 941 liabilities were discharged in bankruptcy. Therefore we do not address this argument as part of our review.  See Rule 34(b)(4).

**[*5]**                                OPINION

Section 6330(b) allows a taxpayer to challenge a proposed levy before the IRS Office of Appeals (Appeals)[5] in a CDP hearing, see sec. 301.6330-1(b)(1), Proced. & Admin. Regs., and section 6330(d) provides for Tax Court review of an Appeals determination to sustain the levy.  A taxpayer may challenge in a CDP hearing the existence or amount of the underlying tax liability that the IRS is seeking to collect, provided that the taxpayer did not already have a chance to challenge it.  Sec. 6330(c)(2)(B); Katz v. Commissioner, 115 T.C. 329, 339 (2000).  If a taxpayer fails to properly raise the underlying liability at the CDP hearing, he is precluded from challenging it.  Thompson v. Commissioner, 140 T.C. 173, 178 (2013) (citing Giamelli v. Commissioner, 129 T.C. 107, 114 (2007)).  "'An issue is not properly raised if the taxpayer fails * * * to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity' to do so."  Moriarty v. Commissioner, T.C. Memo. 2017-204, at *9 (quoting section 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.), aff'd, 2018 WL 4924349 (6th Cir. Sept. 19, 2018).

---

[5]This office is now named the "Independent Office of Appeals".  Taxpayer First Act, Pub. L. No. 116-25, sec. 1001, 133 Stat. at 983 (2019).

**[\*6]** Where a taxpayer properly challenges the validity of his underlying liability for the period in question, we review the matter on a de novo basis. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Petitioner has the burden of proof regarding his underlying liabilities. See Rule 142(a); Thompson v. Commissioner, 140 T.C. at 178. Other than the merits of the underlying liabilities, we review an Appeals determination for abuse of discretion. Goza v. Commissioner, 114 T.C. at 182.

Petitioner made the following claims with this Court as part of his appeal of respondent's determination: (1) that another person or entity[6] is liable for the Form 941 liabilities for the periods at issue and made payments with respect to these liabilities to the IRS;[7] (2) the periods of limitations for collection of the Form

---

[6]Petitioner suggested various entities and people are liable for the Form 941 liabilities, including his former law practice, David A. Lufkin, P.C., a Tennessee professional corporation, and a "Knox County Chancery Court appointed * * * receiver".

[7]SO Eddelman's summary report indicates that petitioner alleged during the CDP hearing that another entity legally assumed the Form 941 liabilities for the periods at issue. Because petitioner did not specifically raise this argument with this Court, we do not address it here other than to note that a taxpayer cannot divest himself of his tax liabilities or otherwise transfer his obligations to a third party. See Rule 34(b)(4); Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 729 (1929).

**[\*7]** 941 liabilities in this case expired;[8] and (3) SO Eddelman failed to recognize

that respondent and his agents did not follow all applicable laws and

administrative procedures in attempting to collect the Form 941 liabilities.  We

address each allegation separately below.

I.      Liable Taxpayer

Petitioner asserts that he is not the taxpayer liable for the Form 941

liabilities for the periods at issue.  He raised this underlying liability argument in

the CDP hearing,[9] and we therefore review it de novo, with petitioner bearing the

burden of proving that respondent's determination was in error.  See Rule 142(a);

Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioner produced no substantive evidence establishing how another entity

or person was either liable for the Form 941 liabilities or submitted payments to

the IRS for the liabilities.  He alleged that in 2000 respondent seized the

documentation necessary to prove his claim, but that respondent either lost or

---

[8]Although unspecified by petitioner, we construe his challenge to the periods of limitations as relating to the applicable statute of limitations with respect to respondent's attempted collection (as opposed to assessment) of the Form 941 liabilities for the periods at issue.

[9]The record does not show, and respondent does not argue, that petitioner had an opportunity to challenge the Form 941 liabilities before the CDP hearing. Thus, petitioner was not precluded under sec. 6330(c)(2)(B) from raising them at the CDP hearing, nor is this Court precluded from reviewing them.

[*8] destroyed this documentation following the purported seizure. In effect, petitioner asks us to relieve him of his burden of proof and overlook his failure to offer any evidence as to this issue. We decline to do so. See Am. Police & Fire Found., Inc. v. Commissioner, 81 T.C. 699, 706-707 (1983) (finding that the taxpayer's burden of going forward with the evidence did not shift merely because the Commissioner unintentionally lost the taxpayer's records); Malinowski v. Commissioner, 71 T.C. 1120, 1125 (1979) (same).

We therefore conclude that petitioner failed to satisfy his burden to show how respondent's determination as to the Form 941 liabilities was made in error or to demonstrate how an applicable exception applied in his case.

II.     Limitations Periods

Petitioner also argued that the periods of limitations on collection expired, an affirmative defense that places the burden of proof on petitioner. See Rules 39, 142(a); Jordan v. Commissioner, 134 T.C. 1, 5-6 (2010), supplemented by T.C. Memo. 2011-243. Although our precedent is somewhat ambiguous as to whether the expiration of the period of limitations on collection is properly considered a challenge to the underlying tax liability (and therefore subject to de novo review) or subject to an abuse of discretion standard of review, see Weiss v. Commissioner, 147 T.C. 179, 187 (2016), aff'd, 2018 WL 2759389 (D.C. Cir.

**[\*9]** May 22, 2018), we conclude that the result would be the same under either standard as petitioner produced no evidence to establish when the periods of limitations expired.

An examination of the record against the applicable periods of limitations also confirms that they have not expired. Section 6502(a) requires that any levy or proceeding to collect a tax must be made or begun within 10 years after assessment of the tax. This 10-year limitations period is suspended, however, while a taxpayer's CDP case is pending with Appeals or this Court. Sec. 6330(e). The limitations period is also suspended any time the IRS is prohibited from taking collection action because of a bankruptcy proceeding and does not end until six months after the bankruptcy action ends. Sec. 6503(h); see also 11 U.S.C. sec. 362(a), (c) (2000) (providing an automatic stay on any act to collect a claim that arose before the commencement of a bankruptcy case, with any stay remaining in effect until a discharge is granted or denied in a chapter 7 bankruptcy case). The period of limitations started on December 14, 1998, for the portion of the Form 941 liabilities that arose for the period ending September 30, 1998, and on June 21, 1999, for the portion that arose for the period ending December 31, 1998, and each was suspended during petitioner's bankruptcy proceedings between 2000 and 2011. Thus, even under a conservative calculation, more than

**[\*10]** 10 years had not elapsed on the applicable periods of limitations for the Form 941 liabilities when respondent issued the CDP notice in 2014.

Petitioner also alleged in his petition without additional support that even if the periods of limitations had not expired, the equitable doctrine of laches (prejudicial delay) operates to preclude respondent's collection of the Form 941 liabilities. It is well settled that the United States is not generally subject to the doctrine of laches in enforcing its rights. See Guar. Trust Co. v. United States, 304 U.S. 126, 132-133 (1938) (citing United States v. Thompson, 98 U.S. 486, 489 (1878)). Even if this doctrine applied, the Court deems petitioner to have abandoned this alternative argument as he did not raise it either at trial or in his posttrial brief. See Mendes v. Commissioner, 121 T.C. 308, 312-313 (2003).

III.     Verification

Petitioner asserts that SO Eddelman's determination to sustain the proposed collection action was erroneous because he failed to verify and take into consideration alleged failures by respondent to follow all applicable laws and administrative procedures in his attempt to assess and collect the Form 941 liabilities. Section 6330(c) requires that (1) the settlement officer obtain verification that "the requirements of any applicable law or administrative procedure have been met" and (2) "any proposed collection action balances the

**[\*11]** need for the efficient collection of taxes with the legitimate concern of the * * * [taxpayer] that any collection action be no more intrusive than necessary." While a settlement officer is required to perform the verification duty regardless of whether the taxpayer raises it at a CDP hearing, see Hoyle v. Commissioner, 131 T.C. 197, 201 (2008), supplemented by 136 T.C. 463 (2011), the taxpayer has the burden of going forward with a prima facie case (and burden of proof) as to any alleged error, see Rule 142(a); Woodral v. Commissioner, 112 T.C. 19, 23 (1999); Nguyen v. Commissioner, T.C. Memo. 2020-97, at *17; Morris v. Commissioner, T.C. Memo. 2016-16, at *19; Titsworth v. Commissioner, T.C. Memo. 2012-12, 2012 WL86670, at *6; Dinino v. Commissioner, T.C. Memo. 2009-284, 2009 WL 4723652, at *7.

Petitioner offered no coherent or persuasive argument as to a specific failure by respondent or SO Eddelman. For example, petitioner repeatedly alleged that respondent's supposed destruction of all records pertinent to the Form 941 liabilities amounted to a violation of procedural due process under the Thirteenth Amendment to the Constitution. Petitioner failed to establish any nexus between his CDP case and the Thirteenth Amendment, which deals exclusively with the abolishment of slavery and involuntary servitude. See Faraco v. Commissioner, 29 T.C. 674, 677 (1958), aff'd, 261 F.2d 387 (4th Cir. 1958); Rau v.

- 12 -

[*12] Commissioner, T.C. Memo. 1966-254.  In another instance petitioner challenged respondent's decision to pursue him in 2014 for liabilities that arose in 1998 as an "inefficient collection" and "overly burdensome" means of collecting these liabilities, even though, as discussed above, petitioner did not show how another taxpayer is liable for the Form 941 liabilities or how the periods of limitations for collection had expired.  Petitioner also expressed dissatisfaction with an approximately two-year delay in having his CDP case assigned to SO Eddelman but cited only conjectural harm in his petition with respect to this delay and failed to elaborate further as to how this inconvenience constituted sufficient grounds for dismissal of the present action.

Outside of the above open-ended arguments, petitioner offered no specific assignment of error at trial or in his posttrial brief as to which laws or procedures were not followed by respondent, his agents, or SO Eddelman.[10]  Nothing in the record indicates that SO Eddelman failed to properly discharge his responsibilities under section 6330(c), with his report specifically confirming in multiple instances that all applicable laws and procedures were followed in petitioner's case.  We

----

[10]The Court deems as conceded any related claim as to this issue which was not specifically raised by petitioner at trial or in his posttrial brief.  See Mendes v. Commissioner, 121 T.C. 308, 312-313 (2003).

[*13] therefore decline to consider petitioner's broad and unsubstantiated allegations on this point further in the absence of specific evidence of irregularity.

Accordingly, on the basis of the arguments and evidence presented, we find no abuse of discretion on the part of respondent, his agents, or SO Eddelman with respect to the decision to proceed with collection on the proposed levy.[11]

To reflect the foregoing,

Decision will be entered

for respondent.

---

[11]This conclusion is unaffected by whether the scope of our review is limited to the administrative record.