**Judith Kaye JANSEN, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

No. 4–75–Civ. 597.

United States District Court,
D. Minnesota,
Fourth Division.

April 7, 1977.

Alvin S. Malmon, Smith, Juster & Feikema, Minneapolis, Minn., for plaintiff.

Elizabeth A. Egan, Asst. U. S. Atty., Minneapolis, Minn., Clinton B. D. Brown, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

LARSON, District Judge.

This is an action for a refund of a portion of plaintiff's Federal income tax for the year 1974. Plaintiff Judith Kaye Jansen is an unmarried woman alleging that the tax applicable to her is substantially more than that which would be applicable to a married couple with the same amount of income. This differential, she says, is unconstitutional.

Plaintiff duly filed her return for the year 1974, paying a tax of $1,647.14 upon a taxable income of $8,229. On or about October 13, 1975, plaintiff timely filed with the Internal Revenue Service a claim for refund in the amount of $216.76. This amount represents the difference between her tax and the amount payable by a married couple filing jointly with the same income. The IRS promptly denied the refund. Suit was thereupon filed in this Court pursuant to 28 U.S.C. § 1346.

Defendant has moved for judgment on the pleadings on the ground that the complaint fails to state a claim upon which relief can be granted. Plaintiff counters with a motion for summary judgment. The parties agree that the facts are not in dispute.

Plaintiff sets forth two arguments in support of her claim that the tax structure is constitutionally infirm. She asserts that the congressional classification of taxpayers based on marital status denies her the freedom of association guaranteed by the First Amendment. Specifically she alleges that the tax differential infringes on her decision to marry or not to marry. However, the classification of taxpayers according to marital status for the purpose of determining the rates at which they shall be taxed has uniformly been upheld by the courts as constitutionally permissible. *Faraco v. Commissioner of Internal Revenue,* 261 F.2d 387, 389 (4th Cir. 1958), *cert. denied,* 359 U.S. 925, 79 S.Ct. 608, 3 L.Ed.2d 628 (1959); *Kellems v. Commissioner,* 58 T.C. 556, 558–60 (1972), *aff'd,* 474 F.2d 1399 (2nd Cir. 1973) (per curiam), *cert. denied,* 414 U.S. 831, 94 S.Ct. 63, 38 L.Ed.2d 66 (1973); *Shinder v. Commissioner of Internal Revenue,* 395 F.2d 222 (9th Cir. 1968); *Bayless v.*

*Commissioner,* 61 T.C. 394 (1973); *Johnson v. United States,* 422 F.Supp. 958 (N.D.Ind. 1976).[1]

Plaintiff's claim of infringement of First Amendment freedoms was rejected in *Johnson, supra.*[2] The court there analyzed fully the interface of the constitutional authority to tax and the fundamental personal liberties protected by the First Amendment. It was conceded that fundamental privacy and associational interests surrounded the marital relationship. The Court assumed *arguendo* that the additional taxes constituted a constitutionally significant burden on the right of marriage. Nevertheless, the Court concluded that the government had a compelling interest in equalizing taxes among persons with equal ability to pay and that the present classification system serves that interest. The Court also concluded that the government has no less burdensome means of achieving its goals given the imperfect alternatives available. *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 41, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). This Court subscribes to the reasoning in *Johnson* and its conclusion that the infringement, if any, on marriage rights is not constitutionally impermissible. Congress could reasonably conclude that a single person has a greater ability to pay taxes than a married couple with the same total income.

Plaintiff's alternative argument is that "the concept of income splitting is contrary to unassailable principles of taxation and is therefore unconstitutional as contrary to the Fifth Amendment due process clause." Recognizing that the Supreme Court validated income splitting in *Poe v. Seaborn,* 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239 (1930), plaintiff suggests that the case was wrongly decided in light of *Lucas v. Earl,* 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731 (1930); *Corliss v. Bowers,* 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916 (1930) and *Helvering v. Horst,* 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75 (1940). Assuming *arguendo* that *Poe v. Seaborn* is irreconcilable with these cases, it nevertheless is the law as proclaimed by the highest court in the land and it is binding on this Court. Plaintiff asks this Court to remedy an alleged error of the Supreme Court. The invitation is flattering but one which must be declined.

IT IS ORDERED:

1. That defendant's motion for judgment on the pleadings be, and is hereby, granted.

2. That plaintiff's motion for summary judgment be, and is hereby, denied.

3. That the Clerk of Court enter judgment accordingly.

---

1. Many of these cases were decided before Congress acted in 1969 to reduce the disparity in the treatment of single and married taxpayers. *Johnson, supra,* at 974–75.

2. The opinion in *Johnson* covered two companion cases as well—*Barter v. United States* and *Blair v. United States.* The major part of the opinion deals with *Barter* and *Blair,* in both of which defendant was granted summary judgment, because *Johnson* had a disputed issue of fact which precluded summary judgment for either side. In both *Barter* and *Blair* the plaintiffs were married couples complaining that their taxes were higher than they would have been if they had been able to file as single persons. This illustrates defendant's point that the tax rates do not always penalize unmarried taxpayers.

Defendant informs the Court that *Barter* and *Blair* are now on appeal to the Seventh Circuit.