*Decision will be entered under Rule 155.*

OWEN H. DEMARS AND CORINNE D. DEMARS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 15852–80.     Filed August 10, 1982.

---

*Ronald A. DeVito*, for the petitioners.
*Frank R. DeSantis*, for the respondent.

## OPINION

STERRETT, *Judge*: By statutory notice dated May 21, 1980, respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1977 in the amount of $2,795. The sole issue for decision is whether petitioners are entitled to a disability income exclusion pursuant to section 105(d), I.R.C. 1954, for 1977.

The facts have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.

Petitioners Owen H. DeMars and his wife, Corinne D. DeMars, resided in Warren, Ohio, at the time of filing the petition herein. Both petitioners filed a "married/filing separately" Federal income tax return for the taxable year ending December 31, 1977, with the Internal Revenue Service Center, Cincinnati, Ohio.

On May 2, 1978, Mrs. DeMars filed an amended Federal income tax return for 1977 with the Internal Revenue Service Center, Cincinnati, Ohio. The filing status claimed by her was that of "married/filing separately." On September 21, 1978, petitioners filed an amended Federal income tax return for 1977 with the Internal Revenue Service Center, Cincinnati, Ohio. The filing status claimed by them was "married/filing jointly."

Petitioner Mr. DeMars retired on disability on August 16, 1971, and at that time was permanently and totally disabled. On their amended joint return for 1977, petitioners claimed a disability income exclusion in the amount of $5,200.

During the taxable year 1977, petitioner Mr. DeMars' adjusted gross income, without excluding the disability income, was $13,542.75, while Mrs. DeMars' adjusted gross income was $8,928.50. Thus, the combined total of petitioners' adjusted gross income for the taxable year without taking into account the claimed disability income exclusion was $22,471.25.

In his notice of deficiency, respondent disallowed the

claimed exclusion pursuant to the phaseout provisions of section 105(d)(3).

Section 105(d) provides for a disability income exclusion in the case of persons who have not attained the age of 65 before the close of the taxable year, are retired on disability, and are permanently and totally disabled. Such exclusion is limited by section 105(d)(2) to $100 per week.

Section 105(d)(3) provides that if an eligible taxpayer's adjusted gross income for the taxable year (determined without regard to the disability income exclusion) exceeds $15,000, the amount of the disability income that otherwise would be excludable under section 105(d) is reduced by an amount equal to that excess. Section 105(d)(5)(B)(ii) states that, in the case of a joint return, the phaseout provisions of section 105(d)(3) shall be applied to the combined adjusted gross income of the husband and wife.

Here, petitioners' combined adjusted gross income was $22,471.25, which exceeded $15,000 by more ($7,471.25) than the amount claimed as a disability income exclusion ($5,200) on their amended joint income tax return for 1977. Accordingly, under the plain provisions of section 105(d), petitioners are not entitled to any disability income exclusion.

Petitioners do not quarrel with the mathematics of respondent. Instead, they contend on brief that section 105(d)(5)(B)(ii), which requires aggregation of the income of husband and wife, is unconstitutionally discriminatory against married couples.[1]

In their pleadings, petitioners neglected to mention the particular clause or clauses of the Constitution that allegedly are violated by section 105(d)(5)(B)(ii). Neither have they alluded to any specific violations. As a consequence, the constitutional objections were not properly raised and, therefore, must fail. *Levin v. Commissioner*, 47 T.C. 258, 268 (1966), affd. 385 F.2d 521 (2d Cir. 1967); *Faraco v. Commissioner*, 29 T.C. 674, 677 (1958), affd. 261 F.2d 387 (4th Cir. 1958), cert. denied 359 U.S. 925 (1959); *Neeman v. Commissioner*, 13 T.C.

---

[1] In order for a married taxpayer to be entitled to the disability income exclusion under sec. 105(d), a joint income tax return must be filed by that taxpayer and his spouse. Sec. 105(d)(5)(A).

397 (1949), affd. per curiam 200 F.2d 560 (2d Cir. 1952), cert. denied 345 U.S. 956 (1953).[2]

Assuming, arguendo, that petitioners properly raised the issue of the constitutionality of section 105(d), we nevertheless would still find against them. On brief, petitioners incorrectly argue that married couples constitute a "suspect" classification, and, therefore, any laws specifically affecting them must be subjected to strict scrutiny by the courts. As respondent states on brief, a more appropriate argument would have been that section 105(d) burdens the fundamental right to marry and, therefore, should be subjected to strict scrutiny. *Zablocki v. Redhail*, 434 U.S. 374 (1978). However, a law will only be struck down under these circumstances where the obstacle to marriage imposed by the law directly operates to preclude marriage entirely for a certain class of persons. *Mapes v. United States*, 217 Ct. Cl. 115, 576 F.2d 896, 901, cert. denied 439 U.S. 1046 (1978). We do not understand petitioners to argue that section 105(d) places any direct barrier upon the right to marriage, and we find that no such barrier is imposed by that section.[3]

Section 105(d)(5)(A) requires that, as a prerequisite to receiving the benefits of the disability income inclusion, married persons must file a joint return. Petitioners were not precluded by this section from exercising the option of filing separate returns; they would only be denied the benefits of section 105(d) if they did so.

It is clear that a deduction (or an exclusion) from gross income is not a matter of right or equity but depends upon legislative grace. *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). Limitations that withhold an otherwise proper

---

[2]See also *Brissette v. Commissioner*, T.C. Memo. 1977–77; *Rau v. Commissioner*, T.C. Memo. 1966–254; *Prather v. Commissioner*, T.C. Memo. 1961–99, affd. 322 F.2d 931 (9th Cir. 1963).

[3]Petitioners' reliance upon *Hoeper v. Tax Commission*, 284 U.S. 206 (1931), does not further their cause. First of all, the continuing vitality of this case is of significant doubt. See *Druker v. Commissioner*, 77 T.C. 867, 871 n. 4 (1981); *Johnson v. United States*, 422 F. Supp. 958, 967 n. 23 (N.D. Ind. 1976), affd. per curium sub nom. *Barter v. United States*, 550 F.2d 1239 (7th Cir. 1977), cert. denied 434 U.S. 1012 (1978). In addition, *Hoeper* involved a Wisconsin statute which required married couples to aggregate their income for purposes of calculating tax due. The facts in this case are clearly distinguishable, since petitioners had the option to file jointly or separately. See *Mapes v. United States*, 217 Ct. Cl. 115, 576 F.2d 896, cert. denied 439 U.S. 1046 (1978); *Johnson v. United States, supra.*

deduction or exclusion from a nonsuspect classification must be founded upon a rational basis and will not be set aside if any set of facts rationally justifying such limitation exists. See *Brushaber v. Union Pacific R.R.*, 240 U.S. 1, 24–25 (1916); *United States v. Maryland Savings-Share Insurance Corp.*, 400 U.S. 4, 6 (1970); *Kellems v. Commissioner*, 58 T.C. 556, 558 (1972), affd. per curium 474 F.2d 1399 (2d Cir. 1973).

We find that the requirement under section 105(d)(5) that, in the case of married persons, the phaseout provisions of section 105(d)(3) are to be applied to the combined adjusted gross income of both the husband and the wife has a rational basis. Rational justification for the income aggregation requirement under section 105(d)(5)(B)(ii) is found in S. Rept. 94–938 (1976), 1976–3 C.B. (Vol. 3) 57, 174. Therein, it is stated that—

Under present law, low- and middle-income taxpayers receive on a percentage basis less benefit from the sick pay exclusion than do taxpayers in higher marginal tax brackets because of the progressivity of tax rates. As a result, more than 60 percent of the benefits from this provision currently goes to taxpayers with adjusted gross incomes (including sick pay) over $20,000. Taxpayers who receive no sick pay, of course, receive no benefit at all. The committee believes that the exclusion allowed under section 105 should not have a regressive effect and that the provision should be amended to direct a fairer share of its tax benefits to low- and middle-income taxpayers.

It seems apparent that Congress believed that married persons who earn a combined adjusted gross income of $20,200 or more are better able to pay taxes and generally less dependent upon the disability income for support than married persons with a smaller combined adjusted gross income. Cf. *Jennemann v. Commissioner*, 67 T.C. 906, 910–911 (1977). Therefore, the relief provisions of section 105(d) have been withheld in such cases. Because we find that the requirement that married persons must aggregate their adjusted gross income for purposes of determining the amount of disability exclusion available to them has a rational basis, we hold that such requirement does not unconstitutionally discriminate against married persons under either the due process or equal protection clauses of the Constitution. Accordingly,

*Decision will be entered for the respondent.*