**William J. FORTUNE**

v.

**The UNITED STATES.**

No. 115–83T.

United States Claims Court.

March 23, 1984.

William J. Fortune, pro se.

Neil V. Birkhoff, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant. Theodore D. Peyser, Washington, D.C., of counsel.

## OPINION

LYDON, Judge:

In this tax case, plaintiff, appearing *pro se*, claims that changes in the tax law which served to reduce the amount of disability income he could exclude from gross income discriminated against him. Accordingly, his

complaint, as amended, challenges a determination by the Internal Revenue Service (IRS) relative to plaintiff's 1977 federal income tax return, which increased plaintiff's tax liability for 1977 by $788.16. Defendant has filed a motion for summary judgment to which plaintiff has responded. For reasons set forth below, defendant's motion for summary judgment is granted.

In 1977, plaintiff, a disabled retiree under age 65, received an annual retirement annuity payment of $5,457.66. That retirement annuity payment was includable in full in plaintiff's gross or total income for 1977. Sections 61(a)(11) and 72(a) of the Internal Revenue Code of 1954. On his 1977 federal income tax return, filed jointly with his wife, plaintiff excluded $5,200 of the $5,457.66 he received as disability income from his total income. Prior to 1977, this $5,200 exclusion was authorized by Section 105(d) of the Internal Revenue Code of 1954. Plaintiff, in 1977, had adjusted gross income (without regard to the disability income exclusion) of $18,768.19. However, the Tax Reform Act of 1976, Pub.L. No. 94–455, 90 Stat. 1520, amended Section 105(d), effective for taxable years beginning after December 31, 1976, to provide, under Section 105(d)(3), that the allowable disability income exclusion was to be reduced in an amount equal to the amount of the taxpayers adjusted gross income exceeding $15,000. Because his 1977 adjusted gross income (without regard to the disability income exclusion) exceeded $15,000, plaintiff was subject to the disability income provisions of Section 105(d)(3) which became effective January 1, 1977. Plaintiff failed to reduce his disability income on his 1977 federal income tax return as required by Section 105(d)(3).

The IRS on August 21, 1978, sent plaintiff a notice, pursuant to Section 6213(b) of the Internal Revenue Code of 1954, indicating plaintiff's error relative to the disability income exclusion on his 1977 return and stating that plaintiff owed a balance of $788.16 on his 1977 federal income tax. On January 5, 1979, plaintiff sent IRS a check for $770.26. Plaintiff filed a claim for refund on July 9, 1980, which claim was disallowed by the IRS on March 2, 1981. Plaintiff filed a complaint in this court on March 2, 1983, amended on March 28, 1983, seeking a refund of $770.26, plus penalty and interest, plus damages. Defendant filed its answer on May 2, 1983.

Plaintiff's basic complaint is that at the time of his retirement prior to 1977, he chose an irrevocable option to retire on disability. At this time, under existing law, he was entitled to a disability income exclusion of $5,200. Plaintiff maintains that the action of Congress in reducing the amount of the disability income exclusion he enjoyed prior to 1977 constituted discrimination against him and thus is unlawful. Plaintiff claims that once he retired Congress and the IRS should not be allowed to "change the rules" regarding his disability income exclusion.

 Unfortunately for plaintiff, his contention is without merit. It is well settled that deductions or exclusions from gross income are matters of legislative grace and are not matters of right or equity. See *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348 (1934). Accordingly, deductions and exclusions can be and are changed from time to time by Congress. There is nothing, *per se*, illegal, or discriminatory in this regard. Changes in the tax laws from year to year are inevitable, expected, and lawful. See *Picchione v. Commissioner*, 440 F.2d 170, 173 (1st Cir.1971).

 Similar attacks, based on discrimination claims, directed at Section 105(d)(3) by disability annuitants have been rejected by the Tax Court. See *Kinslow v. Commissioner*, 50 T.C.M. (P–H) ¶ 81,736 at 2874 (1981); *DeMars v. Commissioner*, 79 T.C. 247, 250 (1982). As pointed out in the *Kinslow* decision, when the tax law is changed, any income tax due is to be computed under the law applicable to the year for which the income tax is being determined unless the statute changing the tax law provides otherwise. (¶ 81,736 at 2895.) Plaintiff in this case fails to raise properly any constitutional objection to the propriety and application

of Section 105(d)(3) to his situation. Further, plaintiff has not alluded to any specific violations of the constitution other than the fact that the tax law relating to exclusions was changed beginning with tax years after December 31, 1976. Under similar circumstances in the *DeMars* case, *supra,* the Tax Court concluded that since the constitutional objections were not properly raised, the discrimination claim urged by the taxpayer must fail (79 T.C. at 249–250). A similar conclusion is warranted in this case.

Plaintiff claims that Section 105(d)(3) discriminates against him and all other disabled annuitants. Even if the court were to ignore the right of Congress to change the tax laws relating to exclusions, it would not help plaintiff's cause. It has been held that limitations that withhold an otherwise proper exclusion from a nonsuspect classification must be founded upon a rational basis and will not be set aside if any set of facts rationally justifying such limitations exist. *United States v. Maryland Savings-Share Ins. Co.,* 400 U.S. 4, 6, 91 S.Ct. 16, 17, 27 L.Ed.2d 4 (1970). In the *DeMars* decision, *supra,* the Tax Court found that there was a rational basis behind Section 105(d)(3) and thus held that said section did not unconstitutionally discriminate against disabled annuitants. (79 T.C. at 251). The legislative history of Section 105(d)(3) clearly supports this Tax Court determination. *See* H.R.Rep. No. 94–658, 94th Cong., 1st Sess. at 150–151 (1976–3 C.B. (Vol. 2) 695, 842–843); S.Rep. No. 94–938, 94th Cong., 2d Sess. at 136 (1976–3 C.B. (Vol. 3) 49, 174), U.S.Code Cong. & Admin.News 1976, p. 2897.

Plaintiff has not disputed any material facts set forth by the government nor has he disputed the mathematical accuracy of the IRS computation of the tax due the government. Accordingly, the court can, and does, accept the government's factual assertions. Since there has been no violation of due process or improper discrimination by taxing plaintiff's income under tax laws in effect during the year in which the income was received and reported, plaintiff's refund claim must be denied. *See*

*Picchione v. Commissioner, supra,* 440 F.2d at 173; *DeMars v. Commissioner, supra,* 79 T.C. at 249–251.

Based on the above discussion, it is concluded that defendant's motion for summary judgment should be granted, with plaintiff's complaint, as amended, to be dismissed.