MOSES M. AND SHIRLEY M. BORNTREGER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Borntreger v. Commissioner
Docket No. 9059-87.
United States Tax Court
T.C. Memo 1988-101; 1988 Tax Ct. Memo LEXIS 127; 55 T.C.M. (CCH) 359; T.C.M. (RIA) 88101; March 7, 1988. Moses M. and Shirley M. Borntreger, pro se. Joyce Sugawara, for the respondent. NAMEROFF
MEMORANDUM FINDINGS OF FACT AND OPINION NAMEROFF, Special Trial Judge: This case heard pursuant to provisions of section 7456(d) of the Code (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 275) and Rules 180, 181, and 182. [1]
*128 Respondent determined a deficiency in petitioners' 1983 Federal income tax in the amount of $ 518. The sole issue for decision is whether petitioners are entitled to exclude from gross income $ 2,100 is disability benefits. [2]
Some of the facts have been stipulated and are incorporated herein by reference. At the time of the filing of the petition herein, petitioners resided in Whittier, California. Petitioners filed a joint Federal income tax return for the taxable year 1983 with the Internal Revenue Service Center in Fresno, California. That return reflects adjusted gross income of $ 29,481. Prior to September 30, 1983, Moses Borntreger ("petitioner") was employed by Ben Niemi Buick Incorporated as a automobile mechanic. On September 30, 1983 his employment was terminated by his employer. Subsequently, petitioner applied to the State of California for disability benefits. In 1983 he received from the State $ 2,100 in such benefits. The State of California Employment Development Department issued *129 a Form 1099G to petitioner reflecting "taxable disability insurance" in the amount of $ 2,100. The parties have stipulated that petitioner was ineligible to receive unemployment compensation benefits from the State of California as a result of his disability. For some time prior to September 1983, petitioner was under the care of W. W. Sadowinski, M.D. In a letter dated November 25, 1987, D. Sadowinski stated, in general, that petitioner had been advised to stop working several months prior to the time that he actually did and that petitioner was considered by the physician totally and permanently disabled. Respondent determined that the $ 2,100 was not excludable because the payments were in the nature of unemployment benefits inasmuch as petitioner was terminated from his employment prior to "retiring on disability." [3] Even though petitioner did not file for the benefits until after he was terminated, petitioner believes he is entitled to the exclusion because he was determined by his doctor to have been disabled prior to termination. Petitioner states that the reason for termination was because he could no longer function properly, due to his debilitated condition. We do *130 not believe it necessary to resolve this conundrum because, even if petitioner were correct, no exclusion would be allowable. Section 105(d)(1) as applicable to 1983, provides that a taxpayer who is retired on disability and when he retired was permanently and totally disabled and has not attained the age of 65 before the close of the taxable year may exclude from gross income amounts which constitute wages or payments in lieu of wages for a period during which he is absent from work because of permanent and total disability. The maximum exclusion may not exceed $ 100 per week. [4] Section 105(d)(2). Moreover, section 105(d)(3) provides for a phase-out of the exclusion if the taxpayer's adjusted gross income exceeds $ 15,000. If the taxpayer's adjusted gross income, determined without regard to the exclusion provided for in section 105(d), exceeds $ 15,000, the right of the exclusion *131 otherwise allowable shall be reduced by the excess of the adjusted gross income over $ 15,000. Petitioners' 1983 adjusted gross income was $ 29,481. Applying the mathematics of section 105(d)(3), it is without question that petitioners' adjusted gross income in 1983 was more than sufficient to phase out the entire exclusion allowable for one taxpayer. Petitioner argues that the $ 15,000 pertains to each taxpayer, and married couples filing joint returns are entitled to the exclusion if adjusted gross income is less than $ 30,000. Section 105(d)(5) provides special rules regarding married couples. [5] Section 105(d)(5)(A) provides that the benefits of the exclusion shall only be allowable for a married person if the couple files a joint return for the taxable year. Further, section 105(d)(5)(B)(ii) provides that the phase-out is to be computed with regard to the couple's combined adjusted gross income. See De Mars v. Commissioner,79 T.C. 247 (1982). Therefore, petitioner is not allowed to exclude any part of the $ 2,100 from gross income. Kinslow v. CommissionerT.C. Memo. 1981-736, affd. without published opinion 693 F.2d 134 (11th Cir. 1983). Accordingly, respondent is sustained on this issue. *132 To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise provided, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. This case was originally designated as a Small Tax Court case, see section 7463. At the conclusion of the trial, the Court granted petitioners' motion to reclassify this case as a non-S or regular case in order for petitioners to retain their right of appeal. ↩
2. Respondent also adjusted petitioners' medical expense deduction as a result of the increased adjusted gross income. The validity of this adjustment is not questioned. ↩
3. Although respondent has not referred to any specific statute, regulation, or case law for this proposition, he may have been relying upon section 1.105-4(a)(3)(i), Income Tax Regs.↩
4. Because of our conclusion, we need not consider which part, if any, of the $ 2,100 exceeds $ 100 per week. ↩
5. (5) Special rules for married couples. -- (A) Married couples must file joint return -- Except in the case of a husband and wife who live apart at all times during the taxable year, if the taxpayer is married at the close of the taxable year, the exclusion provided by this subsection shall be allowed only if the taxpayer and his spouse file a joint return for the taxable year. Application of paragraphs (2) and (3). -- In the case of a joint return -- (i) paragraph (2) shall be applied separately with respect to each spouse, but (ii) paragraph (3) shall be applied with respect to their combined adjusted gross income. ↩