T.C. Memo. 1998-199


UNITED STATES TAX COURT


GERALD J. AND GAYLE R. MARTINEZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19887-95.                    Filed June 1, 1998.


Gerald J. Martinez, pro se.

<u>Louis John Zeller, Jr.</u> and <u>Emile L. Hebert III</u>, for respon-
dent.


MEMORANDUM OPINION


CHIECHI, <u>Judge</u>:  Respondent determined the following defi-
ciencies in, and additions to, the Federal income tax (tax) of
petitioner Gerald J. Martinez (Mr. Martinez) for the years
indicated:

| | | Additions to Tax | | | | | |
|---|---|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1)[1] | Sec. 6653(a)(1) | Sec. 6653(a)(1)(A) | Sec. 6653(a)(2) | Sec. 6653(a)(1)(B) | Sec. 6654 |
| 1982 | $20,599 | $5,150 | $1,030 | -- | * | -- | $2,005 |
| 1983 | 26,771 | 6,693 | 1,339 | -- | * | -- | 1,638 |
| 1984 | 29,989 | 7,497 | 1,499 | -- | * | -- | 1,885 |
| 1985 | 17,418 | 4,354 | 871 | -- | * | -- | 998 |
| 1986 | 14,821 | 3,705 | -- | $741 | -- | * | 717 |
| 1987 | 16,221 | 4,055 | -- | 811 | -- | * | 871 |

* 50 percent of the interest due on the portion of the underpayment attributable to negligence. Respondent determined that the entire amount of the underpayment was attributable to negligence.

Respondent determined the following deficiencies in, and additions to, the tax of petitioner Gayle R. Martinez (Ms. Martinez) for the years indicated:

| | | Additions to Tax | | | | | |
|---|---|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6653(a)(1) | Sec. 6653(a)(1)(A) | Sec. 6653(a)(2) | Sec. 6653(a)(1)(B) | Sec. 6654 |
| 1982 | $20,599 | $5,150 | $1,030 | -- | * | -- | $2,005 |
| 1983 | 23,433 | 5,858 | 1,172 | -- | * | -- | 1,434 |
| 1984 | 25,718 | 6,429 | 1,286 | -- | * | -- | 1,617 |
| 1985 | 12,745 | 3,186 | 637 | -- | * | -- | 730 |
| 1986 | 9,655 | 2,414 | -- | $483 | -- | * | 467 |
| 1987 | 10,834 | 2,708 | -- | 542 | -- | * | 582 |

* 50 percent of the interest due on the portion of the underpayment attributable to negligence. Respondent determined that the entire amount of the underpayment was attributable to negligence.

We must decide whether respondent's determinations for each of the years at issue should be sustained. We hold that they should.

Background

Some of the facts were orally stipulated and are so found.

---

[1] All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

Mr. Martinez, who at all relevant times was an attorney, and Ms. Martinez, his spouse, lived in Metairie, Louisiana, at the time the petition was filed.

Petitioners refused to file tax returns (returns) and pay tax for the years at issue because of the decision of the Supreme Court of the United States in Roe v. Wade, 410 U.S. 113 (1973). Petitioners' refusal to file returns and pay tax for the years at issue is grounded in their contention that their constitutional rights will be violated because any tax that they might pay would be used in part to fund abortions, which is contrary to the teachings of their religion.

Respondent issued separate notices of deficiency (notices) to Mr. Martinez and to Ms. Martinez for 1982, 1983, and 1984 and separate notices to them for 1985, 1986, and 1987. In the notices, respondent determined that, for the years at issue, each petitioner had one or more of the following types of community income/loss: Capital gain/loss, interest income, rental income/loss, employee compensation, nonemployee compensation, partnership income/loss, dividend income, Schedule C net income, and/or miscellaneous income.[2] Respondent also determined that, for the years at issue, each petitioner is entitled to itemized deductions for certain community expenses and to a deduction for

---

[2]   In the absence of adequate records for 1984, respondent determined each petitioner's miscellaneous community income for that year by reference to bank deposits, cash payments, and personal and other nondeductible expenditures.

one personal exemption.  In calculating the respective deficiencies determined in the notices, respondent applied the tax rates applicable to married individuals filing separately.  Respondent also determined that, for 1983 through 1987, Mr. Martinez is liable for self-employment tax.

Discussion

Petitioners bear the burden of proving that respondent's determinations in the notices are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioners contend that they are not liable for tax for the years at issue because, inter alia:

3.    The exercise of petitioners' religion prevents them from supporting or cooperating with any person or organization engaged in allowing, recommending, encouraging, promoting. performing, or paying for abortion, or protecting or paying for the protection of people who allow, recommend, encourage, promote, perform, or pay for abortions.

4.    The computation and payment of money to a person or organization engaged in allowing, recommending, encouraging, promoting. performing, or paying for abortion, or protecting or paying for the protection of people who allow, recommend, encourage, promote, perform, or pay for abortions if [sic] a violation of petitioner's religion.

5.    The Constitution of the United States guarantees petitioners' right to the free exercise of religion.  Article I of the Amendments to the Constitution.

6.    An amendment [the 16th Amendment] to the United States Constitution that was not properly approved in accordance with provisions for amending the Constitution and is therefore improperly enforced is not superior to the guarantees provided in the First Amendment to the Constitution, in particu-

lar, the guarantee of the free exercise of religion.

        *    *    *    *    *    *    *

10.    The The [sic] contents of the Internal Revenue Service Code and the methods employed by the Internal Revenue Service to force compliance with laws that violate the nature [sic] law and the conscience and religious convictions of a person violate the Constitutions [sic] and laws of the United States, in particular the due process clause of the Fifth Amendment and the equal protection clause of the Fourteenth Amendment; and the RICO Statute.

We reject the reasons advanced by petitioners in support of their position that they are not liable for tax for the years at issue. In Adams v. Commissioner, 110 T.C. 137, 139 (1998), this Court concluded that

> while petitioner's religious beliefs are substantially burdened by payment of taxes * * *, the Supreme Court has established that uniform, mandatory participation in the Federal income tax system, irrespective of religious belief, is a compelling governmental interest. * * * As a result, requiring petitioner's participation in the Federal income tax system is the only, and thus the least restrictive, means of furthering the Government's interest.  * * * [Citations omitted.]

See Hernandez v. Commissioner, 490 U.S. 680 (1989); United States v. Lee, 455 U.S. 252 (1982).

Petitioners further assert that they are not liable for tax for the years at issue because respondent's "cause of action was prescribed [sic]" when respondent mailed the notices on June 28, 1995.  We disagree.  Section 6501(c)(3) provides that, in the case of failure to file a return, "the tax may be assessed, or a proceeding in court for the collection of such tax may be begun

without assessment, at any time."  Petitioners did not file a return for any of the years at issue.  Consequently, the respective periods of limitations applicable to those years have not expired.

Petitioners also contend on brief:

The tax returns for petitioners for the years 1982-1987 were prepared by respondent using information summoned from petitioners and produced by them under protest. The deficiencies claimed by respondent for the years 1982-1987 are based on the records seized from petitioners.  Petitioners filed this appeal claiming the income attributed to them is not correct and that they were not granted the benefit of proper deductions and various elections, especially filing status.  Petitioners contend that their records were seized in violation of their right to privacy.  Indeed, if a citizen has a right to privacy concerning sexual acts and the killing of an unborn child, petitioners have the right to privacy with regard to their income.  Those records were used by respondent, despite petitioners' objection, to * * * prepare tax returns.  Petitioners disagree with the content of those returns.  Petitioners have stated their objections.  Respondent listed the person who prepared the returns as a witness, but did not call him to testify.  There was no testimony or evidence introduced by respondent at the trial to substantiate income attributable to petitioners.  In the absence of such testimony or evidence, the court must conclude that there are no deficiencies.

We reject petitioners' position.  Petitioners have not submitted any evidence, such as the records which they provided to respondent, that supports their general and conclusory contention that respondent's income determinations, which they concede were based on those records, are in error.  Nor have petitioners supported on the record before us their general and conclusory assertion that respondent incorrectly determined the deductions and elec-

tions to which they claim they are entitled for the years at issue.

We also reject petitioners' specific contention that respondent used the incorrect filing status in calculating the deficiencies at issue. Respondent issued separate notices to each petitioner for the years at issue in which the respective deficiencies were determined on the basis of applying tax rates for married individuals filing separate returns. Petitioners seem to be claiming that they are entitled to use the tax rates applicable to married individuals filing joint returns. The record establishes that petitioners did not file joint returns for the years at issue. Indeed, they filed no returns for those years. They jointly filed a petition with this Court contesting the determinations in the notices. Based on the record before us, we find that petitioners have not shown that the filing status used by respondent in the notices is incorrect. We further find that petitioners are not entitled to use the tax rates applicable to married individuals filing joint returns.

Petitioners contend that they are not liable for the additions to tax determined by respondent for the years at issue because their religious beliefs, to which they sincerely adhere, precluded them from filing returns and paying tax for those years. They also maintain that they have been "persecuted" for their failure to file returns and pay tax. On the instant record, we find that petitioners have not satisfied their burden

of establishing that respondent's determinations under sections
6651, 6653(a), and 6654 are erroneous.    See <u>Adams v. Commis-
sioner</u>, <u>supra</u>.[3]

Based on our examination of the entire record before us, we
find that petitioners have not satisfied their burden of showing
error in any of respondent's determinations in the notices.[4]

Decision will be entered

for respondent.

---

[3]   See also <u>Lull v. Commissioner</u>, T.C. Memo. 1978-74, affd. per
curiam 602 F.2d 1166 (4th Cir. 1979).

[4]   We have considered all of petitioner's arguments that are not
discussed herein, and we find them to be without merit.