T.C. Memo. 2000-132

UNITED STATES TAX COURT

ROBERT D. MUELLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15289-98.                    Filed April 12, 2000.

        P failed to file Federal income tax returns for
the years 1986 through 1995.  In the notice of
deficiency mailed to P, R determined that P's proper
filing status for the years before the Court was
single.  P was not married during the years in issue,
but was involved in a long-term relationship with a
same-sex partner, with whom he shared income and
assets.  <u>Held</u>: marital classifications in the Federal
tax code are not unconstitutional; thus P was not
entitled to a filing status other than single.  <u>Held</u>,
<u>further</u>, P is liable for the deficiencies determined by
R.  <u>Held</u>,   <u>further</u>, P is liable for the additions to
tax under secs. 6651(a)(1) and 6654, I.R.C.


Robert D. Mueller, pro se.

<u>Joseph T. Ferrick</u> and <u>William E. Bogner</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  On July 6, 1998, respondent issued a notice of deficiency to petitioner determining deficiencies in and additions to his Federal income taxes for the years and in the amounts as follows:

| | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
|------|------------|-----------------|-----------|
| 1986 | $12,067 | $1,284 | $165 |
| 1987 | 6,675 | 1,172 | 225 |
| 1988 | 28,231 | 7,058 | 1,816 |
| 1989 | 25,087 | 6,272 | 1,697 |
| 1990 | 32,125 | 8,031 | 2,103 |
| 1991 | 33,841 | 8,460 | 1,934 |
| 1992 | 32,282 | 8,071 | 1,408 |
| 1993 | 31,642 | 7,587 | 1,265 |
| 1994 | 23,751 | 4,617 | 928 |
| 1995 | 23,426 | 4,503 | 944 |

The issues for decision are:

(1) Whether petitioner is entitled to a filing status other than "single" in recognition of his claim that he has an "economic partnership" with a same-sex individual with whom he resided from 1989 to 1996; (2) whether petitioner is liable for the additions to tax determined by respondent under section 6651(a)(1); and (3) whether petitioner is liable for the additions to tax determined by respondent under section 6654.  We hold for respondent on all issues.

Unless otherwise stated, section references are to the Internal Revenue Code in effect for the years in issue, and Rule

references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded to the nearest dollar.

FINDINGS OF FACT

Petitioner resided in Chicago, Illinois, when he petitioned the Court. Petitioner did not file Federal income tax returns for any of the taxable years 1986 through 1995. During these years petitioner earned the bulk of his income by working as a computer programmer/consultant for various companies and hospitals. Petitioner also had small amounts of interest and capital gain income in 1987.

Petitioner made no estimated tax payments to the Internal Revenue Service with respect to any of the years in issue. However, petitioner had the following amounts withheld from his wages:

| Year | Withholding |
|------|-------------|
| 1987 | $1,986 |
| 1993 | 1,295 |
| 1994 | 5,283 |
| 1995 | 5,413 |

Petitioner is homosexual. In 1989, petitioner began a relationship with another man whom petitioner describes as his roommate and partner. From 1989 through 1995 petitioner and his partner resided together and shared assets and income. Petitioner was not married (to his partner or anyone else) as of December 31 for any of the taxable years 1986 through 1995. In the notice of deficiency mailed to petitioner, respondent

determined that petitioner's proper filing status for income tax purposes for each year before the Court was single. Accordingly, respondent calculated the deficiencies and additions to tax using the tax rates applicable to unmarried individuals pursuant to section 1(c).

## OPINION

Petitioner does not challenge the facts on which respondent's determinations are based.[1] Petitioner's sole claim in this case is that he should be accorded married, rather than single, filing status on his tax returns for the years 1989 to 1995. Petitioner does not claim to have ever been married. Rather, petitioner argues that he had an "economic partnership" with his roommate and that he was unconstitutionally denied the opportunity to file a joint tax return with him in recognition of such partnership. Petitioner references a number of constitutional provisions, but we understand the crux of petitioner's constitutional claim to be that the tax code's unequal or differential treatment between married taxpayers and unmarried persons in an economic partnership constitutes a violation of the due process notions implicit in the Fifth

---

[1]At trial petitioner alleged for the first time that he had suffered several theft losses during the years at issue. However, petitioner failed to substantiate any such losses and abandoned the argument on brief.

Amendment and of the equal protection standards incorporated thereunder.[2]

We have consistently denied constitutional challenges to marital classifications in the tax code. These have included challenges brought by disadvantaged married taxpayers,[3] see DeMars v. Commissioner, 79 T.C. 247 (1982); Druker v. Commissioner, 77 T.C. 867 (1981), affd. on this issue and revd. in part 697 F.2d 46 (2d Cir. 1982); Brady v. Commissioner, T.C. Memo. 1983-163, affd. without published opinion 729 F.2d 1445 (3d Cir. 1984), as well as by disadvantaged singles, see Kellems v. Commissioner, 58 T.C. 556 (1972), affd. per curiam 474 F.2d 1399 (2d Cir. 1973). Other Federal courts have similarly upheld marital classifications in the tax code. See, e.g., Mapes v. United States, 217 Ct. Cl. 115, 576 F.2d 896 (1978); Jansen v. United States, 441 F. Supp. 20 (D. Minn. 1977), affd. per curiam 567 F.2d 828 (8th Cir. 1977); Johnson v. United States, 422 F.

---

[2]The equal protection principles of the Fourteenth Amendment are encompassed within the Fifth Amendment as applied to Federal legislation. See, e.g., Weinberger v. Wiesenfeld, 420 U.S. 636, 638 n.2 (1975); Hamilton v. Commissioner, 68 T.C. 603, 606 (1977).

[3]Being accorded married status under the tax code is not always favorable. See U.S. General Accounting Office, Income Tax Treatment of Married and Single Individuals (Pub. No. GAO/GGD-96-175) (1996) (describing provisions in the tax code favoring single taxpayers over married taxpayers and vice versa); see also Cohen & Morris, "Tax Issues From 'Father Knows Best' To 'Heather Has Two Mommies'", 84 Tax Notes 1309 (Aug. 30, 1999) (describing the tax advantages and tax planning opportunities available to nonmarried couples).

Supp. 958 (N.D. Ind. 1976), affd. per curiam sub nom. <u>Barter v. United States</u>, 550 F.2d 1239 (7th Cir. 1977).

Petitioner seeks to add a new gloss to these old challenges by identifying singles who share assets and income (whom he labels "economic partners") as a distinct class of taxpayers disadvantaged by marital classifications. For the reasons set forth below, we hold the tax code's distinctions between married taxpayers and unmarried economic partners to be constitutionally valid.

In evaluating whether a statutory classification violates equal protection, we generally apply a rational basis standard. See <u>Regan v. Taxation With Representation</u>, 461 U.S. 540, 547 (1983). We apply a higher standard of review only if it is found that the statute (1) impermissibly interferes with the exercise of a fundamental right or (2) employs a suspect classification, such as race. See, e.g., <u>id.</u>; <u>Harris v. McRae</u>, 448 U.S. 297, 322 (1980). Neither of these exceptions applies.

Petitioner does not directly identify any fundamental right impeded by the use of marital classifications in the tax code. Petitioner cites commentary addressing the right to marry. However, a law is considered to burden the right to marry only where the obstacle to marriage imposed by the law operates to preclude marriage entirely for a certain class of persons. See <u>DeMars v. Commissioner</u>, <u>supra</u> at 250. The classifications at

issue in this case are a consequence, not a cause, of petitioner's nonmarried status, and thus do not burden the right to marry. See Druker v. Commissioner, 697 F.2d at 50.

The marital classifications at issue also do not affect petitioner as a member of a suspect class. Petitioner claims discrimination not as a homosexual but as a person who shares assets and income with someone who is not his legal spouse. Petitioner therefore places himself in a class that includes nonmarried couples of the opposite sex, family members, and friends. We are aware of no authority that would render such group a suspect class.[4]

Under the rational basis standard, a challenged classification is valid if rationally related to a legitimate governmental interest. See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985); City of New Orleans v. Dukes, 427 U.S. 297, 303 (1976). In Kellems v. Commissioner, 58 T.C. 556 (1972), affd. 474 F.2d 1399 (2d Cir. 1973), we addressed the constitutionality of the application of single return rates

---

[4]Petitioner claims that the Federal tax laws specifically began to target homosexuals as a group after the enactment of the Defense of Marriage Act (DOMA), Pub. L. 104-199, 110 Stat. 2419 (1996). That law defines "marriage" in any act of Congress (which would include the Federal tax code) as a legal union "between one man and one woman" as husband and wife. The DOMA also defines the word "spouse" to mean only a person of the "opposite sex" who is a husband or wife. We decline to pass on the constitutionality of the DOMA because it was not effective for the years at issue in this case.

without the income-splitting benefit available to married taxpayers.  We held therein that the classification between married and single taxpayers is founded upon a rational basis and was a permissible attempt to account for the greater financial burdens of married taxpayers and to equalize geographically their tax treatment.[5]  See id. at 558-559.

Our holding in Kellems is of no less application here. Congress had a rational basis for adopting marital classifications in the tax code.  That conclusion is not altered by petitioner's claim that there are additional classifications that could have been made.  Undoubtedly, certain inequalities persisted between married taxpayers and unmarried economic partners following the enactment of the joint filing provisions. However, legislatures have especially broad latitude in creating classification and distinctions in tax statutes.  See Regan v. Taxation With Representation, supra at 547.  Moreover, "reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind." Williamson v. Lee Optical Co., 348 U.S. 483, 489 (1955).

---

[5]Prior to 1948 each individual was taxed on his or her own income regardless of marital status.  However, under the Supreme Court's decision in Poe v. Seaborn, 282 U.S. 101 (1930), married couples in community property States were permitted to split their community income evenly for Federal tax purposes regardless of the amounts each actually earned.  See Kellems v. Commissioner, 58 T.C. 556, 558-559 (1972), affd. per curiam 474 F.2d 1399 (2d Cir. 1973).

While petitioner makes several arguments on policy and sociological grounds, in the face of the cases cited above to the contrary, they have no legal bearing on the issues in this case. Whether policy considerations warrant narrowing of the gap between the tax treatment of married taxpayers and homosexual and other nonmarried economic partners is for Congress to determine in light of all the relevant legislative considerations. See Druker v. Commissioner, 697 F.2d at 51.

Accordingly, we sustain the deficiencies determined by respondent.[6]

## 2.    Addition to Tax Under Section 6651(a)(1)

Respondent determined additions to tax under section 6651(a) for petitioner's failure to file his 1986 through 1995 Federal income tax returns. In order to avoid this addition to tax, petitioner must prove that his failure to file was: (1) Due to reasonable cause and (2) not due to willful neglect. See sec. 6651(a); Rule 142(a); United States v. Boyle, 469 U.S. 241, 245

---

[6]We also note that petitioner, as a nonfiler, would not be entitled to the relief he now seeks even if he had been married at the relevant times. Married taxpayers who fail to file returns are not entitled to application of the married filing jointly tax rates. See Martinez v. Commissioner, T.C. Memo. 1998-199, affd. without published opinion (5th Cir. 1998); Collins v. Commissioner, T.C. Memo. 1994-409; Ebert v. Commissioner, T.C. Memo. 1991-629, affd. without published opinion 986 F.2d 1427 (10th Cir. 1993); Hess v. Commissioner, T.C. Memo. 1989-167; see also Phillips v. Commissioner, 86 T.C. 433, 441 n.7 (1986), affd. in part and revd. in part 851 F.2d 1492 (D.C. Cir. 1988).

(1985); United States v. Nordbrock, 38 F.3d 440 (9th Cir. 1994). A failure to file a timely Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence and, nevertheless, was unable to file the return within the prescribed time. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a conscious, intentional failure to file or reckless indifference. See United States v. Boyle, supra at 245.

Petitioner has offered no evidence to show that his failure to file was due to reasonable cause and not willful neglect. The evidence is clear that petitioner's actions were deliberate, intentional, and in complete disregard of the statutes and respondent's regulations. Petitioner made no attempt to file an authentic tax return for any of the years at issue.

Petitioner offers the "excuse" that his nonfiling was as an act of "non-violent civil disobedience" on a "human rights issue". As we stated in Klunder v. Commissioner, T.C. Memo. 1991-489: "Petitioner wants the best of both worlds, to civilly disobey and also to be absolved of the additions to tax." Whether or not petitioner considers his nonfiling an act of civil disobedience, he must accept the consequences of actions knowingly taken. See Kahn v. United States, 753 F.2d 1208, 1215-1216 (3d Cir. 1985); United States v. Malinowski, 472 F.2d 850,

857 (3d Cir. 1973); Reiff v. Commissioner, 77 T.C. 1169, 1177, 1180 (1981).

Accordingly, we sustain respondent's determination under section 6651(a)(1) for the taxable years in issue.

3.   Addition to Tax Under Section 6654(a)

Respondent further determined an addition to tax under section 6654(a) for each of the years in issue, asserting that petitioner failed to pay estimated tax.  Section 6654(a) provides for an addition to tax "in the case of any underpayment of estimated tax by an individual".  Estimated income tax payments are used to provide for current payment of income taxes not collected through withholding.  Generally, this addition to tax is mandatory, and there is no exception for reasonable cause. See Recklitis v. Commissioner, 91 T.C. 874, 913 (1988); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).  However, no addition to tax is imposed if one of the exceptions contained in section 6654 is met.  See Recklitis v. Commissioner, supra at 913.

Petitioner has offered no evidence to show that any of the statutory exceptions apply.  Accordingly, we sustain respondent's determination under section 6654(a) for the taxable years in issue.

We have reviewed petitioner's other arguments and find them to be irrelevant or without merit.

Decision will be entered for

respondent.